## Richmond

### BOARD OF SUPERVISORS OF ROANOKE COUNTY

v.

### INTERNATIONAL FUNERAL SERVICES, INC.

March 6, 1981.

Record No. 790096.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, and Thompson, JJ.*

---

* Mr. Chief Justice I'Anson presided at the oral argument of this case but retired January 31, 1981.

*Clifton A. Woodrum, III (James E. Buchholtz, County Attorney; Dodson, Pence, Viar, Young & Woodrum, on brief)*, for appellant.
*W. H. Jolly (Jolly, Fralin & Clements, on brief)*, for appellee.

CARRICO, C.J., delivered the opinion of the Court.

On October 24, 1977, International Funeral Services, Inc. (IFS), filed a petition with the Board of Supervisors of Roanoke County (the Board) for the rezoning of 12.26 acres of land from Residential R-1 to Business B-2 category. IFS proposed to construct and operate a funeral home on the land. The County Planning Commission recommended approval of the request. The Board, however, denied the petition.

Thereafter, IFS filed in the court below a petition for declaratory judgment alleging that the denial of the rezoning request was arbitrary, capricious, and unreasonable. IFS prayed that the court adjudicate the validity of the Board's action. The matter was set for trial but, with the consent of the parties, a continuance was granted to permit the Board to reconsider the rezoning petition. Upon reconsideration, the Board again refused to rezone the land.

Later, the trial court conducted a hearing on the petition for declaratory judgment filed by IFS. In a written opinion, the court declared that the denial of the rezoning request bore "no reasonable or substantial relation to the public health, safety, morals, or general welfare" and, therefore, was "unreasonable, arbitrary, and capricious." In its final decree, the court permanently enjoined the Board from interfering with use of the land for the construction and operation of a funeral home. The Board has appealed.

The record shows that the land in question is located on the north side of Route 419 near its intersection with Route 221 in Roanoke County. Route 419 is a four-lane divided highway running generally

east and west where it borders the subject land. The area along Route 419 is "[p]redominately either residential or vacant," with clusters of commercial and office use "interspaced between residential use." Presently zoned for single-family residences, the subject tract is shown on Roanoke County's "long-range" land use plan as continuing in a residential classification.

The tract is bordered on the east by a major utility easement. Beyond the easement, an apartment complex and a shopping center are located. On the north and west, the tract is bordered by residential areas. Across Route 419 from the tract, the Roanoke County Public Library is located.

At the trial below, IFS presented the testimony of Roy M. Kinsey, the architect who prepared the plan for development of the subject tract as a funeral-home site. Asked his opinion of "the appropriate use of this property," Kinsey stated the funeral-home proposal was "a good transitional use" and would also serve the desirable purpose of "keeping space open." Kinsey said it was "conceivable" 48 single-family residences could be built on the tract under present zoning. He believed, however, that such an intense use would "overburden . . . the land." Finally, Kinsey made this statement: "[I]t would be very difficult to convince someone to build a residence of an R-1 character which requires 7,200 square feet minimum lot size on this piece of property."

IFS also called as its witness Robert W. Hooper, the Roanoke County Planner. Hooper testified he had studied the IFS proposal and had recommended its approval. He said he could "see . . . no reason" the subject tract "should not be put" to the use proposed by IFS. Hooper stated further he deemed the proposed use "appropriate." He acknowledged, however, that the use permitted under present zoning was also appropriate; he said he considered the difference in the appropriateness of the two uses "a matter of degree." The witness opined that the Board's denial of the rezoning request bore no substantial relationship to the "public health, safety and welfare of Roanoke County," but he readily conceded these matters of public concern would have been unaffected whether the request was granted or denied.

On appeal, the dispute between the parties focuses upon the elements IFS was required to prove in establishing the invalidity of the Board's action. The Board contends IFS was required to show not only the reasonableness of the proposed use but also the unreasonableness of the use permitted under present zoning; IFS failed in its burden of proof because its own evidence showed that, "while the

proposed rezoning was an appropriate use of the land, the current zoning was likewise appropriate."

On the other hand, IFS contends "there is no burden on the property owner in a zoning case such as this to establish" the unreasonableness of the use "for which the property is presently zoned." The landowner carries his burden of proof, IFS argues, when he shows that, although the use permitted under current zoning may be appropriate, the use he proposes is "the *most* appropriate" one for his property. The fact that more than one use may be appropriate for a given piece of property, IFS asserts, "does not validate an otherwise invalid decision of a local governing body."

■ We disagree with IFS. We believe the burden was upon IFS to prove both the unreasonableness of the current zoning classification and the reasonableness of the proposed use.

Zoning action is legislative action, and, therefore, it is presumed reasonable. When zoning action is challenged, the burden is on the challenger to produce evidence of unreasonableness sufficient to overcome the presumptive reasonableness of the action. Unless thus overcome, the presumption alone is adequate to sustain the validity of the action. In any event, the ultimate inquiry in a zoning case is whether the matter in issue is fairly debatable; if it is, the zoning action must be sustained. *Loudoun County v. Lerner,* 221 Va. 30, 34, 267 S.E.2d 100, 102-03 (1980); *Fairfax County v. Snell Corp.,* 214 Va. 655, 659, 202 S.E.2d 889, 893 (1974).

■ When a landowner has been denied rezoning and he challenges the denial, his threshold burden of proof requires a clear demonstration that "the existing zoning classification is no longer reasonable or appropriate." *Vienna Council v. Kohler,* 218 Va. 966, 976, 244 S.E.2d 542, 548 (1978). In the present case, IFS did not satisfy its threshold burden; indeed, its own evidence showed that, while its proposed use may be reasonable, the use permitted under current zoning is also reasonable. Given these circumstances, we believe our recent decision in *Fairfax County v. Jackson,* 221 Va. 328, 269 S.E.2d 381 (1980), foretells the eventual result.[1]

Although factually different, *Jackson* is legally indistinguishable from the present case. There, a landowner sought rezoning of a parcel of land to permit construction of a residence on a minimum lot size of one-half acre, rather than one acre as required under current zoning. The zoning authority denied the request. The trial court declared the denial invalid.

---

[1] We decided *Jackson* subsequent to the trial court's decision in the present case.

The evidence in *Jackson* showed that, while the proposed use may have been reasonable, the use permitted under current zoning was also reasonable. On appeal, the landowner argued along the same lines IFS argues here, *viz.*, where more than one use may be reasonable for a given piece of property, the "question is whether or not the refusal to allow the more intense use is reasonable." 221 Va. at 335, 269 S.E.2d at 386. Answering the argument and reversing the trial court, we said:

> That argument misses the point. The question is not merely whether the refusal to rezone is unreasonable. Rather, the more precise inquiry is whether the landowner or the legislative body has the right to select the zoning category when the underlying zoning and the proposed zoning are both reasonably applicable to the subject property. To pose the question is to answer it.
>
> When . . . the underlying zoning and the new zoning are both appropriate for the lot in question, a classic case of a "fairly debatable" issue is presented. Under such circumstances, it is not the property owner, or the courts, but the legislative body which has the prerogative to choose the applicable classification.

*Id.*

Here, presented two uses, both reasonable, the legislative body chose to retain the use permitted under present zoning, albeit the proposed use might have been the more appropriate, or even "the *most* appropriate," use for the land. Under the circumstances of this case, the presumption of reasonableness of the Board's action stands unrebutted and, therefore, is sufficient alone to sustain the denial of the rezoning request.

For the reasons assigned, the judgment of the trial court will be reversed, and the petition for declaratory judgment filed by IFS will be dismissed.

*Reversed and dismissed.*