## CIRCUIT COURT OF THE CITY OF NORFOLK

Turock Estate, Inc.

v.

Mayor Vincent Thomas et al.

March 23, 1984

Case No. (Chancery) C-83-68

By JUDGE JOHN W. WINSTON

Turock Estate, Inc. (Turock) seeks a declaration that the present zoning classification of *R-4* (*Multiple Residence*) for its property at 1405-1411 Chapel Street and 1425 Proescher Street in the City of Norfolk is not valid, or that the present City Council's denial of Turock's conditional rezoning application (the subject of this litigation) was unreasonable, arbitrary and capricious. Injunctive relief is sought in either event.

A brief factual summary is appropriate.

The property in question is located in the old Huntersville area of the City. From at least 1942 it housed a grocery store. Such use was appropriate since the property was then zoned as *C-2* (*Limited Commercial*). Beginning on January 2, 1970, it was under lease to the Model Cities Program and used as a community center and office. Thereafter it was vacant for a period. Its next use was by the Way of the Cross Church of God In Christ. Then it was vacant again. The present tenant Mitchell V & M Market (Herbert Mitchell and Vivian Mitchell) began to operate a grocery store there in November 1981 and continue to operate it pending the outcome of this suit.

The *C-2* (*Limited Commercial*) zoning classification was changed to *R-4* (*Multiple Residence*) by action of City Council on October 10, 1972. This action was the culmination of lengthy discussions and conferences between

City personnel and citizens of the Huntersville area which began after the adoption of The General Plan of Norfolk by City Council in November 1967. In late 1969 and early 1970 representatives of the Norfolk Department of City Planning, the Model City Program, Norfolk Redevelopment and Housing Authority, and the Housing Committee of the Huntersville Neighborhood Assembly conducted meetings for the purpose of detailing The General Plan of Norfolk for the Huntersville Neighborhood. A joint report entitled "A General Development Plan for Huntersville" (*Exhibit D-1*) produced in December 1970 by the Department of City Planning and the Huntersville Housing Committee was intended to secure the revitalization of that run-down neighborhood and was sent on to the Huntersville Neighborhood Assembly, the Model City Commission, the City Planning Commission, and the Norfolk City Council in turn for approval. The Plan was adopted by City Council in 1971.

Rezoning to implement the "General Development Plan for Huntersville" occurred in 1972. First, a public hearing was conducted by the City Planning Commission on May 19, 1972. Thereafter a public hearing was conducted by City Council on October 10, 1972. When that hearing was concluded, City Council adopted by ordinance (*Exhibit D-2*) the new zoning classifications that had been proposed for the Huntersville area of the City of Norfolk and which included the Turock property. The Official Zoning Map of the City was amended to reflect these changes which remain in effect today. (*Exhibit D-2a1* (Plate 30)).

Turock did not learn of this change in the zoning classification of its property until November 1981 after the Mitchell V & M Market had begun to operate as a grocery store there. Turock initially dealt with this nonconforming use problem by applying to have the zoning classification changed back to *C-2* (*Limited Commercial*). When opposition appeared at the City Planning Commission meeting on June 25, 1982, Turock withdrew its application as then filed. It reappeared before the City Planning Commission at the meeting on September 24, 1982, to pursue an amended application seeking a rezoning to *Conditional C-2* (*Limited Commercial*), so that the subject property could be used commercially as a grocery store and as a seafood market. The Planning Commission voted to recommend against the amended application and the City Council rejected such application on December 21, 1982. (*Exhibits D-5 and D-6*).

Turock argues that the 1972 rezoning of its property from *C-2* (*Limited Commercial*) to *R-4* (*Multiple Residence*) was invalid because the notices of the scheduled public hearings before the City Planning Commission and the City Council were constitutionally inadequate. Such notices consisted of advance newspaper publications only (Exhibits D-3 and D-4) and did not include in addition any form of personal notice to Turock. But such is not constitutionally required. Indeed, the Supreme Court of Virginia rejected a similar claim in a zoning case styled *Blankenship* v. *City of Richmond*, 188 Va. 97, 102 (1948). There as here the notice requirements of Virginia Code § 15.1-431 were followed to the letter. Compliance with the statute was held to be all that was required for the advance notice of rezoning classification to affected landowners to be considered valid. See also *Helms* v. *Charlotte*, 255 N.C. 647, 122 S.E.2d 817 (1961), and cases cited in 96 A.L.R.2d 439.

*Mullane* v. *Central Hanover Bank and Trust Co.*, 339 U.S. 306, 94 L. Ed. 865 (1949), and subsequent Supreme Court cases (*Walker* v. *City of Hutchinson*, 352 U.S. 112, 1 L. Ed. 2d 178 (1956); *Schroeder* v. *City of New York*, 371 U.S. 208, 9 L. Ed. 2d 255 (1962); *Mennonite Board of Missions* v. *Adams*, 462 U.S. 791, 77 L. Ed. 2d 180 (1983), do not deal with zoning situations and thus do not control here on the issue of required notice.

Land use in Norfolk is restricted by ordinances adopted by City Council pursuant to General Assembly authority. Such restricted use may be legislatively changed by Council to another restricted use at any appropriate time. But no land holder may be required to submit to that different restricted use as long as he continues with the original approved use. And Virginia Code Section 15.1-492 recognizes that principle by reciting that no existing vested right to use property may be impaired by rezoning. Further, that such non-conforming prior use may continue until it is discontinued by the land holder. See also *Zoning Ordinance, City of Norfolk, Article VII.* Thus notice of a proposed legislative change in zoning does not have to measure up to any constitutional standard but only to the legislative standard imposed by the General Assembly. For the *act* of rezoning does not constitute a taking of property without due process of law.

Turock's second position is that City Council's unanimous legislative decision to now deny the application to conditionally rezone it back to *C-2* (*Limited Commercial*) was an arbitrary, unreasonable, and capricious action amounting to a condemnation of the property without just compensation, a taking without due process of law. Turock's factual evidence presented to the court sought to suggest that if the property cannot be used as a grocery store or as a seafood market it cannot be used at all, thus amounting to condemnation.

But in response to that suggestion it must be pointed out that the commercial use of the property could have continued on after the 1972 rezoning until the economic life of the building was exhausted and its demise dictated. Instead, such non-conforming use was discontinued for more than two years after the rezoning was accomplished. (*See Exhibit C-9*).

Furthermore, it should be noted that the building was in fact used for some period after 1972 as a church and can be again. For such a use is still permitted under *R-4* (*Multiple Residence*). Under that classification the property may also be used as a private school, private club or lodge, doctors offices. See *Zoning Ordinance, City of Norfolk*, Article III, § 320 through 320.9.

As to the legislative decision of City Council to deny the proposed conditional rezoning, the court is not authorized to interfere if Council acted reasonably by its legislative action. And such action is reasonable if the issue is fairly debatable. See principles stated in *County of Fairfax* v. *Parker*, 186 Va. 675, 680 (1947); *Fairfax County* v. *Snell Corp.*, 214 Va. 655, 659 (1974); *Loudoun County* v. *Lerner*, 221 Va. 30, 34 (1980); *Fairfax County* v. *Jackson*, 221 Va. 328, 333 (1980); *Board of Supervisors* v. *IFS*, 221 Va. 840 (1981); and others.

The facts here reveal that the City of Norfolk sought to revitalize one of its old and decaying inner city areas. After much study and talk and recognizing the predominately residential nature of most of Huntersville, the decision was reached to seek to accomplish this revitalization by devoting as much land as possible to housing while still providing adequate services and amenities that make an environment livable, concentrating the majority of shops serving the neighborhood in convenience centers, and limiting the number of centers to minimize the amount of land devoted to non-residential use. (*See*

*Exhibit D*-1, pages 23, 25.) This decision expressed through the *General Development Plan For Huntersville (Exhibit D-1)* as adopted and implemented by the rezoning classification ordinance *(Exhibit D-2)* of City Council resulted in Turock's property being placed in a residential area and outside of a new neighborhood convenience center. But such legislative result was not unreasonable, taking into account what Council sought by its actions to accomplish for the general good.

The court is of the opinion therefore that City Council's legislative actions as they relate to Turock's property were both valid and also reasonable, being fairly debatable.

Counsel for the defendants shall present for entry a proposed decree duly endorsed and denying Turock the relief it seeks from the court in this suit.