## CITY COUNCIL OF THE CITY OF VIRGINIA BEACH

### V.

## JAMES L. HARRELL, III, ET AL.

Record No. 851007

September 23, 1988

Present: All the Justices

*Charles M. Salle' (Pender & Coward,* on brief), for appellants.
*Glenn R. Croshaw (Pickett, Lyle, Siegel, Drescher & Croshaw,
P.C.,* on brief), for appellees

STEPHENSON, J., delivered the opinion of the Court.

In this zoning case, we decide whether the trial court erred in reversing a local governing body's denial of a conditional use permit.

James L. Harrell, III, and C. W. Harrell and Associates (collectively, Harrell) filed a petition for declaratory judgment, alleging that the City Council of the City of Virginia Beach (the City) acted illegally and unreasonably in denying him a conditional use permit to operate a gasoline retail sales outlet on his property. Following an *ore tenus* hearing, the trial court ruled that the City's denial of a conditional use permit was unreasonable and permanently enjoined the City from interfering with Harrell's use of the property for gasoline sales. The City appeals.

In 1984, Harrell purchased a 27-acre tract of land on Sandbridge Road in the City, intending to construct and operate a convenience store thereon. The property was zoned B-2, a general commercial classification permitting, *inter alia,* the operation of a convenience store. Thereafter, Harrell applied for a conditional use permit to operate gasoline pumps in connection with a convenience store. The zoning ordinance authorizes the City to issue a conditional use permit, provided the City finds that "the proposed use conforms to the requirements set forth in [the] ordinance and that the proposed conditional use, together with the conditions attached, will be compatible with the neighborhood in which it is to be located."

While the application was pending, Harrell constructed a convenience store on the property. The store is now in operation. Har-

rell's property adjoins a large, residentially-zoned area known as "Lagomar."

Pursuant to the ordinance, the application was reviewed by a number of City departments. No negative comments about the application were reported by these departments. As a result of his review of the application, including the input from these departments, the City's Director of Planning recommended to the City's Planning Commission that the application be approved, provided that certain conditions regarding screening, lighting controls, and hours of operation were imposed.

Thereafter, the application was reviewed by the Planning Commission. At the Planning Commission hearing, Harrell agreed to install a fence eight feet high, rather than one six feet high as prescribed by the City's site plan, and to plant trees on both sides of the fence. The Planning Commission unanimously recommended to City Council that the conditional use permit be approved, subject to the conditions of fencing and landscaping agreed to by Harrell.

The application was heard by City Council on November 5, 1984. Following the hearing, a member of Council moved to deny the permit on the basis that it would be inappropriate to locate a gasoline station "at the entrance of . . . one of the nicest residential areas at the lower end of the city." The motion carried by a vote of nine to zero.

After Harrell filed the declaratory judgment suit, the trial court "invalidated" the City's action, directed City Council to reconsider the application, and retained the matter on its docket pending reconsideration by the City. Accordingly, on June 17, 1985, Council held another hearing on the application. The same member of Council again moved to deny the permit because the proposed use would be incompatible with the surrounding neighborhood. This time the motion carried by a vote of eleven to zero. After a further hearing, the trial court entered the final order from which the City appeals.

■ In the exercise of its police powers, the legislative branch of a local government has broad discretion in the adoption of zoning regulations. Its action is presumed to be valid and will not be disturbed by a court absent clear proof that the action is unreasonable, arbitrary, and bears no reasonable relation to the public health, safety, morals, or general welfare. If the reasonableness of the enactment is fairly debatable, a court will not substitute its

judgment for that of the legislative body, and the legislation will be sustained. *Loudoun Co.* v. *Lerner*, 221 Va. 30, 34, 267 S.E.2d 100, 102-03 (1980); *Fairfax County* v. *Snell Corp.*, 214 Va. 655, 658-59, 202 S.E.2d 889, 892-93 (1974); *Board of Supervisors* v. *Carper*, 200 Va. 653, 660, 107 S.E.2d 390, 395 (1959).

■ When, however, the presumption of validity is challenged by probative evidence of unreasonableness, the enactment cannot be sustained unless the legislative body meets the challenge with some evidence of reasonableness. The governing body need not prove the reasonableness of its action by a preponderance of the evidence, but must only produce evidence sufficient to make the question "fairly debatable." *Fairfax County* v. *Southland Corp.*, 224 Va. 514, 522-23, 297 S.E.2d 718, 722 (1982).

■ The standards of judicial review applicable to zoning enactments also apply to actions taken by a local governing body on an application for a conditional use permit. *City of Richmond* v. *Randall*, 215 Va. 506, 511, 211 S.E.2d 56, 60 (1975); *see also Southland Corp.*, 224 Va. at 522, 297 S.E.2d at 722.

The presumption of legislative validity attaches not only to zoning ordinances adopted by legislative bodies, but also to actions on applications for special use permits where legislative bodies are empowered by law to take such actions. And here, too, the linchpin of the presumption is reasonableness. When a landowner whose special use permit has been denied shows that the existing zoning ordinance, as applied to his land, is invalid, and that the use he requested is reasonable, he has made a *prima facie* showing that the legislative action denying his permit was unreasonable. The burden then shifts to the legislative body to produce evidence showing that the denial was reasonable. If evidence of reasonableness is sufficient to make the question fairly debatable, the legislative denial must be sustained. If not, it cannot be sustained.

*Randall*, 215 Va. at 511, 211 S.E.2d at 60 (footnote omitted).

■ Thus, to make a *prima facie* showing that the denial of a conditional use permit was unreasonable, a landowner must show not only that the use he requests is reasonable but that the existing zoning ordinance, as applied to his land, is unreasonable. *See Board of Supervisors* v. *IFS*, 221 Va. 840, 843, 275 S.E.2d 586, 588 (1981) (landowner failed to satisfy threshold burden of

proof where "its own evidence showed that, while its proposed use may be reasonable, the use permitted under current zoning is also reasonable.").

■ Although the trial court, in the present case, found that Harrell presented probative evidence that the proposed sale of gasoline was a reasonable use of the property, we conclude that Harrell failed to present evidence showing that the use permitted under the ordinance is unreasonable. Indeed, Harrell testified that the convenience store could be operated economically without the sale of gasoline. Thus, because the existing zoning and the proposed conditional use are both appropriate, Harrell failed to satisfy the threshold burden of proof, *see IFS*, 221 Va. at 843-44, 275 S.E.2d at 588-89, and "a classic case of a 'fairly debatable' issue is presented", *Fairfax County* v. *Jackson*, 221 Va. 328, 335, 269 S.E.2d 381, 386 (1980).

Accordingly, we will reverse the trial court's judgment and dismiss Harrell's petition for declaratory judgment.

*Reversed and dismissed.*