## CIRCUIT COURT OF LANCASTER COUNTY

Herbert S. Cowardin

    v.

County of Lancaster et al.

Jerry O. Duke

    v.

County of Lancaster et al.

February 28, 1989

By JUDGE JOSEPH E. SPRUILL, JR.

These cases arise from appeals of decisions of the Lancaster County Board of Supervisors denying in each instance conditional use permits for the construction of boathouses. Although the factual circumstances of these cases are different, some basic principles are believed to apply with equal relevance to each case, and to avoid redundancy, they will be treated, to some extent, as one in this Memorandum.

We begin with the presumption that the decisions of the Board are valid and that the Petitioners have the burden to prove that the decisions should be invalidated. If either Petitioner makes a *prima facie* case that the action of the Board was unreasonable, the burden shifts

to the Board to show that the correctness of its decision is at least "fairly debatable."

The "fairly debatable" doctrine is troublesome. Indeed, it is tempting to conclude that unless these issues were fairly debatable, they would not reach the Courts.

Careful reading of the case law suggests that, in a close case, the governing body must be prepared to document the reasonableness of its action on the basis of the factual situation as it existed at the time its decision was made. It should not simply rely on the initial presumption of validity. This presumption is not absolute. *City of Richmond v. Randall*, 215 Va. 506 (1975).

Each of these cases arise during a period in which the Board was obviously struggling with the problem of the proliferation of boathouses in the county. As the magnitude of the problem became more apparent, the Board no doubt became more apprehensive about granting conditional use permits, and indeed, the rationale for either approving or denying such applications probably became increasingly difficult.

Finally, in January, 1988, the Board amended its Zoning Ordinance to ban boathouses altogether.

It is, however, to the Ordinance as it was in September and November, 1987, that we look to decide these cases.

At the time of the Duke and Cowardin applications, the Board, by its Zoning Ordinance, had expressly provided that boathouses were permitted structures "with a conditional use permit" in the districts in question. The Board thus had decided that allowing the construction of boathouses in these districts was consistent with the stated intent both of the Zoning Ordinance generally and the Agriculture, General District A-2 specifically.

The Zoning Ordinance further provides that conditional use permits "*shall be subject to such conditions as the Governing Body deems necessary to carry out the intent of the Ordinance. The conditional use permit shall be approved only if it is found that the location is appropriate and not in conflict with the Land Use Plan, that the public health, safety, morals, and general welfare will not be adversely affected . . . and that necessary safeguards will be provided for the protection of surrounding property, persons, and neighborhood values.*" Zoning Ordinance, § 13-3. (Emphasis added).

The question then in each of these cases is whether the denial of the conditional use permit was consistent with the provisions of the Ordinance and in keeping with its stated intent. This Court is mindful of its obligation not to usurp the legislative prerogatives of the Board. Its sole function in cases of this nature is to assure that there is a reasonable, even-handed application of the County ordinances.

Fundamentally, great care is required of the Board in granting such permits as well as in refusing them, in order to fully comply with the standards and guidelines established by the Board and by law. Clearly, the Board cannot act in an arbitrary manner.

Its power to deny a conditional use permit must be limited by the terms of its Ordinance, as well as by legal principles established by case law. One such principle repeated time and again in the cases cited by counsel declares that where the presumption of reasonableness is challenged by probative evidence of unreasonableness, the challenge must be met by some evidence of reasonableness.

Denying a permit to one applicant and granting such a permit to another, without any expressed reason or any showing that the preference was related to the health, safety, or general welfare of the community or any other particular or permissible standards or conditions imposed by the Ordinance, has been held, in numerous cases, to be discriminatory and, as such, an unconstitutional denial of equal protection.

### Duke Case

Duke's application was denied September 29, 1987. No reasons were stated in the communication informing Duke of the denial. (Petitioner's Exhibit A). The minutes of the Board meeting (Petitioner's Exhibit 1) indicate that the Board considered (1) Duke had no boat, hence no need for a boathouse; (2) no other boathouses were located in the area; (3) his residence was not his primary residence; and (4) not every citizen is entitled to a boathouse. In the absence of any other basis for the denial either communicated to Duke, set forth in the pleadings, or adduced at trial, the Court must assume that the denial

was based upon one or more of the comments reflected by the minutes of its meeting. Hence, we shall examine each of these to determine their applicability under the Zoning Ordinance.

(1) Although one could logically assume ownership of a boat is a condition precedent to the need for a boat-house, there is nothing in the Ordinance which requires it. Further, applicant claimed he had a small boat and planned to acquire a larger one.

(2) There is nothing in the Ordinance which permits a denial of a conditional use permit solely because the area in question is free of similar structures. Indeed, this claim is not completely accurate, since the Board had granted a few months earlier a permit for a boathouse four lots away.

(3) The main thrust of the Board's defense of its denial seems to focus on the Duke residence. The Ordinance defines dwelling broadly as "any structure which is designed for use for residential purposes . . ." Zoning Ordinance, Section 1-39. A single family dwelling is defined as a structure "arranged or designed to be occupied by one family, the structure having only one dwelling unit." Zoning Ordinance, § 1-43. From the evidence, including photographic exhibits, it was clearly established that the structure on Duke's property is a dwelling within the definition stated in the Zoning Ordinance. The Court has not found within the Ordinance any mention of a "primary residence" nor any definition of a "main residence." Indeed, the County appears not to have seriously contended that the Duke residence was not in fact a dwelling within the meaning of its Ordinance except for the comments recorded in its minutes.

(4) The Board's concern over the proliferation of boathouses in Lancaster County was understandable and appropriate and effectively addressed by the Board several months later by its enactment of a ban. The Board's concern, however well-founded, is not, in and of itself, a fair and sufficient basis to deny Duke's application at the time this application was considered.

Duke has presented evidence to establish that in all respects he has complied with the requirements of the Zoning Ordinance for a conditional use permit. The Board should not deny a permit where its ordinance authoriz-

es the grant thereof subject to conditions which are fully satisfied. There has been no convincing evidence offered to justify the denial of his application within the context of the Ordinance. We feel Duke has satisfactorily challenged the reasonableness of the Board's denial; that the Board has failed to provide sufficient evidence of reasonableness to make the issue "fairly debatable." Duke, possibly because of the timing of his application alone, was dealt with differently than his neighbor, Dickinson. This is constitutionally impermissible. We therefore hold that Petitioner is entitled to the relief prayed for, to the extent the Court may property provide it.

### Cowardin Case

The Cowardin case presents a different, and more difficult, issue. Specific reasons were given by the Board for its denial dated November 24, 1987, namely: (1) objections from neighboring property owners; (2) no primary structure built; and (3) questions concerning oyster ground leaseholds not resolved.

Two landowners from the area, though not immediately adjacent to applicant's property, apparently appeared to object to the permit. From the evidence available, it does not appear that these objections were substantial or expressed any concern other than general disapproval. In *City of Richmond v. Randall*, 215 Va. 506 (1975), a petition signed by "232 concerned property owners" was apparently accorded little weight. There has been no showing that there are oyster grounds in the vicinity of the proposed boathouse, nor does it appear that the structure would be built over oyster grounds. Indeed, the evidence, as recalled, was that no oyster grounds would be affected by the proposed construction.

The specific and determinative question then is whether the requirement that the main structure be complete before the boathouse permit is issued is a reasonable, practical, and fair exercise of the police power of the County and can withstand constitutional scrutiny within the context of its Zoning Ordinance. More specifically, does such requirement bear a substantial relationship to the public health, safety, morals, or general welfare of the County.

We note initially in the first of the Board's "standard conditions" in the application form the use of the term *issued* as opposed to the term *approved* and question whether this was an intentional distinction. Making this distinction would have enabled the Board, in any case, to approve an application for a permit but to delay its issuance until the dwelling was complete. This would present a different situation entirely. Here, Cowardin was told he must build first and learn later whether a boathouse permit could be obtained.

The Court fails to understand how the requirement that the "main structure is to be completed before the boathouse permit is to be issued" in any way promotes the health, safety, or general welfare of the citizens of Lancaster County or is in furtherance of the accomplishment of the objectives of its Zoning Ordinance. Notwithstanding that the County clearly has the right and indeed the duty to impose such conditions as it deems necessary to carry out the intent of the Ordinance, this particular requirement is seen to bear no reasonable relationship to that objective.

It is clearly a detriment to any landowner to be required to complete his dwelling before he can apply for a permit to construct a boathouse. It seems not at all unreasonable for any landowner to be entitled to this decision before, not after, the fact. The concern the County presumably has (vacant lots with boathouses) could easily be addressed by approving the permit request subject to conditions being fulfilled prior to actual issuance, one of which could be the completion of the main dwelling.

Cowardin has established by probative evidence deemed by the Court to be sufficiently persuasive that the denial of his conditional use permit application was unreasonable and arbitrary. The County has offered no evidence to meet this challenge. The governing body need not prove the reasonableness of its action by a preponderance of the evidence but must only produce evidence sufficient to make the question "fairly debatable." *City Council of the City of Virginia Beach v. James L. Harrell, III, et al.*, 236 Va. 99, 372 S.E.2d 139 (1988). The Board's case does not reach the point of being "fairly debatable."

As stated in *Alexandria v. The Texas Company*, 172 Va. 209 (1939), "a restriction of the character sought

to be imposed here must bear a substantial relation to the public health, safety, morals, or general welfare." The Court is not convinced that there is such a relationship here.

We therefore conclude that the denial of the Cowardin application for the reasons given was arbitrary and unreasonable under the circumstances and that the relief prayed for should be granted, to the extent the Court is empowered to do so.