COUNTY OF LANCASTER

V.

HERBERT S. COWARDIN

Record No. 890711

COUNTY OF LANCASTER

V.

JERRY O. DUKE

Record No. 890739

April 20, 1990

Present: Carrico, C.J., Compton, Stephenson, Whiting, and Lacy, JJ.

*Philip P. Purrington, Jr. (Purrington & Edwards*, on brief), for appellant. (Record Nos. 890711 and 890739.)

*Matson C. Terry, II (James C. Breeden; Rumsey, Breeden, Hubbard, Bugg & Terry*, on brief), for appellee. (Record Nos. 890711 and 890739.)

JUSTICE STEPHENSON delivered the opinion of the Court.

In these cases, consolidated on appeal, Herbert S. Cowardin and Jerry O. Duke (collectively, the landowners) applied to the Board of Supervisors of Lancaster County (the Board) for conditional use permits to construct boathouses on their respective properties in Lancaster County.[1] The Board denied the applications, and the landowners petitioned the trial court for a review of the Board's determinations. The trial court, following evidentiary

---

[1] Lancaster County, Va., Zoning Ordinance, article 4, § 4-1-11 (1975), provides that "[b]oat docks, private, with a boat house or other structures attached [may be erected in an A-2 district] with a conditional use permit."

hearings, reversed the Board's decisions and ruled that the landowners were entitled to the permits. The County appeals.[2]

# I

# FACTS

## A

### *Cowardin Case*

Cowardin sought a conditional use permit to build a boathouse on his property on Senior Creek, a tributary to the Western Branch of the Corrotoman River. At the same time, Cowardin applied for and was granted a building permit to construct a dwelling on his property. Cowardin's land is zoned "Agriculture, General, District, A-2."

On November 24, 1987, following a public hearing, the Board denied Cowardin's application for the conditional use permit because (1) neighbors objected, (2) the primary structure was not completed, and (3) questions remained unresolved regarding oyster bed leaseholds.

In the trial court, Cowardin testified that his dwelling was under construction at the time of the Board's hearing and was completed six months later. He also testified that there was no evidence of any oyster beds on the site and that two boathouses were within view of his property.

## B

### *Duke Case*

Duke requested a permit to build a boathouse on Little Branch, another tributary to the Western Branch of the Corrotoman River. Duke's property also is zoned A-2.

On September 29, 1987, following a public hearing, the Board denied the permit. In doing so, the Board stated that (1) Duke did not need a boathouse because he did not have a boat, (2) there were no other boathouses in the area, and (3) the dwelling on the property was not Duke's primary residence. No public opposition to Duke's application was voiced at the hearing.

---

[2] The landowners moved to have these appeals dismissed because they were filed in the name of the County, rather than the Board. We find this contention to be meritless and overrule the motions.

At trial, Duke presented evidence that he owned a boat, that the dwelling was his primary residence, and that no problems existed respecting oyster bed leaseholds. Duke also presented evidence that in April 1987 the Board approved a boathouse for Curtis L. Dickinson. Dickinson's property is in the same subdivision as, and just four lots from, Duke's property. However, Dickinson's property is on a different body of water, and his boathouse is not visible from Duke's property.

Finally, Duke presented evidence that, on the date the Board denied his application, it approved boathouse permits for Harmon Treakle, on Carter's Creek, in a residential (R-1) zoning district, and for Milton Conrad, in a residential (R-1) zoning district. Twenty-seven other boathouses already existed in the cove where Conrad proposed to build his boathouse.

The County's expert witness on planning and zoning testified that the use Duke can make of his property under present zoning is appropriate and that the Board's action was appropriate.

## II

## FAIRLY DEBATABLE STANDARD

The County's first assignment of error applies to both Cowardin and Duke. The County claims that the trial court erred in ruling that the denial of the landowners' conditional use permits was unreasonable.

Determinations regarding applications for conditional use permits, like the adoption of zoning regulations, constitute legislative action. Thus, such action "is presumed to be valid and will not be disturbed by a court absent clear proof that the action is unreasonable, arbitrary, and bears no reasonable relation to the public health, safety, morals, or general welfare." *City Council of Virginia Beach* v. *Harrell*, 236 Va. 99, 101, 372 S.E.2d 139, 141 (1988). If the reasonableness of the action is fairly debatable, it will be upheld by a court because the court will not substitute its judgment for that of the legislative body. *Id.* at 101-02, 372 S.E.2d at 141. *Accord Loudoun Co.* v. *Lerner*, 221 Va. 30, 34, 267 S.E.2d 100, 102-03 (1980); *Fairfax County* v. *Snell Corp.*, 214 Va. 655, 658-59, 202 S.E.2d 889, 892-93 (1974); *Board of Supervisors* v. *Carper*, 200 Va. 653, 660, 107 S.E.2d 390, 395 (1959).

■ If the presumptive reasonableness of the action is challenged by probative evidence of unreasonableness, the legislative body must produce evidence of reasonableness. The action must be sustained if such evidence of reasonableness is sufficient to make the issue fairly debatable. If such evidence of reasonableness is not sufficient, the presumption is defeated by the evidence of unreasonableness, and the action cannot be upheld. *Snell Corp.*, 214 Va. at 659, 202 S.E.2d at 893.

Here, we will assume that the proposed use (with a boathouse) is an appropriate use. We also will assume that the denial of the use permits is probative evidence of unreasonableness. *See County Board of Arlington* v. *Bratic*, 237 Va. 221, 228, 377 S.E.2d 368, 371 (1989); *Fairfax County* v. *Jackson*, 221 Va. 328, 334, 269 S.E.2d 381, 385 (1980). These assumptions are warranted because the zoning ordinance, article 4, § 4-1-11, specifically allows the proposed use.

■ The question then becomes whether the Board produced sufficient evidence of reasonableness to make the use-permit issue fairly debatable. *See Bratic*, 237 Va. at 228, 377 S.E.2d at 371; *Jackson*, 221 Va. at 334, 269 S.E.2d at 385. Here, we conclude that the Board produced sufficient evidence of reasonableness to make the issue fairly debatable.

The Board's evidence shows that, in Cowardin's case, the Board denied his request, in part, because the primary structure was not completed. The zoning ordinance, article 13, § 13-3, requires a certificate of occupancy before a conditional use permit is issued. While the use is reasonable, Cowardin failed to meet the conditions of the ordinance for the grant of the permit. Therefore, the Board's denial was reasonable.

■ In the *Duke* case, no boathouses were located on Little Branch, the location proposed for Duke's boathouse. The zoning ordinance, article 13, § 13-3, provides that a conditional use permit shall be approved "only if it is found that the location is appropriate and not in conflict with the Land Use Plan, [and] that the public health, safety, morals, and general welfare will not be adversely affected." Pursuant to this provision, it was reasonable for the Board to conclude that the construction of Duke's boathouse where no others existed would have been inappropriate and would have had an adverse effect on the local waters.

■ We hold that the Board's evidence of reasonableness was sufficient to defeat the landowners' evidence of unreasonableness. Therefore, we must uphold the Board's action as to Cowardin.

## III

## DISCRIMINATION CLAIM

Duke further contends, however, that the "fairly debatable" doctrine should not control his case because the trial court found that "Duke . . . was dealt with differently than his neighbor, Dickinson." The court concluded that "[t]his is constitutionally impermissible." It is well-settled, however, that "a claim of unlawful discrimination cannot prevail if there is a rational basis for the action alleged to be discriminatory." *Bratic*, 237 Va. at 229-30, 377 S.E.2d at 372.

■ In exercising its police powers when acting upon a boathouse request, the Board properly may consider the effect of boathouses on the local waters. Although the Board did grant Dickinson a boathouse permit several months earlier, Dickinson's boathouse is located on a different body of water, and there are no boathouses on Little Branch, the location proposed for Duke's boathouse. We cannot say from the record before us that the Board acted irrationally in denying Duke's application.

## IV

## CONCLUSION

We conclude that the trial court erred in reversing the Board's denial of conditional use permits to Cowardin and to Duke. Accordingly, the judgments will be reversed and final judgments will be entered in favor of the County.

Record No. 890711 — *Reversed and final judgment.*
Record No. 890739 — *Reversed and final judgment.*