# CIRCUIT COURT OF NELSON COUNTY

Lois Bennett et al.

v.

Nelson County
Board of Supervisors et al.

March 26, 2007

Case No. CL06000106-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion for partial summary judgment. The motion is overruled.

The plaintiffs seek partial summary judgment under Count VIII of their complaint. This count, in essence, alleges that § 12-5 of the Nelson County Zoning Ordinance ("Ordinance") deprives the Board of Supervisors from exercising legislative discretion in the future. Purely on the basis of Count VIII, I cannot grant this motion. Clearly, future Boards of Supervisors can pass amendments to zoning ordinances changing the actions of prior Boards of Supervisors.

If this motion were made in conjunction with Count XI, I might well have granted the motion. I cannot, however, *sua sponte* rule on an issue before it has been raised with the court.

As I have indicated previously, I am concerned that § 12-5 of the Ordinance prevents a *de novo* consideration of a zoning amendment. A fair reading of Va. Code §§ 15.2-2204, 15.2-2285, and 15.2-2286 indicates that boards are to consider amendments to zoning ordinances on the basis of their reasonableness without a preordained result. Whether a board is considering zoning action or a use permit, the standard of review is reasonableness. *City*

*Council of Virginia Beach v. Harrell*, 236 Va. 99, 102, 372 S.E.2d 139 (1988); *County Board of Arlington v. Bratic*, 237 Va. 221, 226-27, 377 S.E.2d 368 (1989).

On a related note, when courts are called upon to review the acts of boards exercising delegated legislative powers, courts must determine whether the board acted arbitrarily, capriciously, or whether it acted in accordance with the policies and standards specified in the legislative delegation of power. *Ames v. Town of Painter*, 239 Va. 343, 349, 389 S.E.2d 702 (1990). In this case, the failure of § 12-5 of the Ordinance to require the Board of Supervisors to utilize the standard of reasonableness when adding a more intensive permitted use to an A-1 Zoning District creates an arbitrary result. The plain meaning of § 12-5 is that the Board must add as a permitted use in the zoning district the use that is permitted by the special exception. This leads to the odd result that, when a special use permit expires, the use then becomes permitted of right.

While I am not making any rulings in this letter, I think it is fair for counsel to know my concerns about the mandated amendment to a zoning ordinance under § 12-5.