272

# CIRCUIT COURT OF ROANOKE COUNTY

Joan M. Resk et al.

v.

Roanoke County et al.

April 19, 2007

Case No. CL06-1268

BY JUDGE ROBERT P. DOHERTY, JR.

The defendant Holrob Investments, L.L.C., ("Holrob") submitted to the defendant Roanoke County Board of Supervisors (the "Board") an application to rezone forty acres of land in Roanoke County and to obtain a special use permit for approximately four of those acres. Holrob intends to build a Wal-Mart Superstore on this land. The plaintiffs, who own land and live near the proposed site, oppose the construction of the Wal-Mart Superstore. The Board approved Holrob's request, passed an ordinance that rezoned the forty acres, and granted the special use permit.

The plaintiffs want this Court to declare the ordinance null and void. They make the following three claims in their Complaint. First, they argue that Holrob's application violated existing zoning ordinances by failing to demonstrate the totality of the proposed use of the land. Second, they claim that the Board failed to get an adequate traffic study and did not properly consider the impact of the traffic on the proposed development. Finally, they believe that the Board's action in adopting the ordinance was arbitrary, capricious, irrational, and unreasonable, not only because of the allegations in

the first two claims cited above, but also because the ordinance was incompatible with the Clearbrook Village Overlay District ("CVOD"), the Roanoke County Community Plan, and surrounding land uses.

The defendants have filed motions craving oyer and demurrers to the plaintiffs' Complaint. The defendants crave oyer of the following documents: Holrob's application; the Traffic Impact Analysis Report; the Design Guidelines for the CVOD; the Roanoke County Community Plan; the minutes of the Roanoke County Planning Commission's meeting on October 3, 2006; the minutes of the Board's meeting on October 24, 2006; a staff report, a transmittal report, and a report by the Deputy Director of Planning, all three of which were part of the agenda materials at the Board's meeting on October 24, 2006; and five zoning ordinances. These documents, excluding the zoning ordinances, comprise the entire record of the rezoning proceedings before the Board of Supervisors.

### Standard of Review

It is not the role of the Court to decide whether a Wal-Mart Superstore should be built on the land in question. That is a purely political decision and entirely within the province of the legislative body, which in this case is the Roanoke County Board of Supervisors. The Court is not authorized to substitute its own political opinions for those of a legislative body, nor is the Court authorized to evaluate the wisdom of that body's political decisions, assuming of course that they have complied with the rules required to properly enact the legislation. *See County of Lancaster v. Cowardin*, 239 Va. 522, 525, 391 S.E.2d 267, 269 (1990).

Instead, the role of the Court in this case is to decide whether the Board, as the legislative body, complied with the law when it passed the ordinance that rezoned the land and granted the special use permit. To make that legal determination, the Court must decide whether the Board's decision was within a broad range of reasonableness. The Court is required to review how the Board went about making its decision, not the wisdom or appropriateness of that decision. Politics and policy making is the province of the legislative body, not the Court.

### The Motions Craving Oyer

A motion to crave oyer is a request to require that a document sued upon, or a collateral document which is necessary to the plaintiff's claim, be treated as though it were part of the plaintiff's pleadings. *Ragone v. Waldvogel*, 54 Va.

Cir. 581 (Roanoke 2001) (citing *Burton v. F. A. Seifert & Co.*, 108 Va. 338, 350, 61 S.E. 933 (1908); *Sjolinder v. American Enter. Solutions, Inc.*, 51 Va. Cir. 436 (2000); and 14B Michie's Jurisprudence, *Profert and Oyer*, §§ 1–5 (2006)). One purpose of granting oyer is to allow the Court to view all material parts of a record so that an objective, intelligent construction of the record can be made without being limited by the subjective interpretations of the parties. *See, e.g., Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 382–83, 191 S.E. 764, 765 (1937) (upholding a trial court's decision to grant a motion craving oyer of the whole record of a previous judicial proceeding).

Under the facts of the present case, the plaintiffs' claims depend upon the legislative record that shows what the Board considered and the process that the Board went through in making its decision to adopt the ordinance. That legislative record includes the following documents: Holrob's application; the Traffic Impact Analysis Report; the Design Guidelines for the CVOD; the Roanoke County Community Plan; the minutes of the Roanoke County Planning Commission's meeting on October 3, 2006; the minutes of the Board's meeting on October 24, 2006; and the three reports prepared as part of the agenda materials for the Board's meeting on October 24, 2006. The motions craving oyer of these documents are granted.

The Court takes judicial notice of all of the Roanoke County zoning ordinances. The motions to crave oyer of specific zoning ordinances are thus rendered moot. Accordingly, they are denied.

### The Demurrers

A demurrer is a challenge to the efficacy of a plaintiff's pleadings. It is the legal way of saying "So what?" in response. When a party files a demurrer, they are saying that, even if everything the plaintiff says is true, the allegations are not sufficient to require a response. A demurrer should be sustained if "a pleading does not state a cause of action or . . . fails to state facts upon which the relief demanded can be granted." Va. Code § 8.01–273 (2006). Moreover, if a motion craving oyer has been granted, the Court, in ruling on a demurrer, "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (citing *Fun v. Virginia Military Inst.*, 245 Va. 249, 253, 427 S.E.2d 181, 183 (1993)).

In the present case, the Board's decision to rezone the forty acres and grant a special use permit for four of those acres was a legislative action. *See City Council of Virginia Beach v. Harrell*, 236 Va. 99, 101–02, 372 S.E.2d

139, 141 (1988). Legislative actions are presumed to be valid, and a party challenging a particular legislative decision or enactment must overcome that presumption. If the plaintiffs allege facts that challenge the reasonableness of the decision, upon review, the Court will usually uphold the legislative decision so long as there are other facts that are sufficient to make the reasonableness of the decision "fairly debatable." *Id.*

"The reasonableness of an ordinance is fairly debatable 'when the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different (or differing) conclusions'." *Bell v. City Council of Charlottesville*, 224 Va. 490, 495, 297 S.E.2d 810, 813 (1982) (quoting *Fairfax County v. Williams*, 216 Va. 49, 58, 216 S.E.2d 33, 40 (1975)). Evidence that the Board's decision was reasonable need not be established by a preponderance; if the pleadings contain "some evidence" that the Board's decision was reasonable, then, so long as that evidence is enough to make the reasonableness fairly debatable, the Court should sustain the demurrer. *See Harrell*, 236 Va. at 102, 372 S.E.2d at 141 (citing *Fairfax County v. Southland Corp.*, 224 Va. 514, 522–23, 297 S.E.2d 718, 722 (1982)). That is precisely the case presented.

As to Count I in the plaintiffs' Complaint, there are facts in the pleadings in support of the position that Holrob's application complies with Roanoke County Ordinance § 30–19 and Ordinance § 30–85–24.5. The application explains how the proposed use will be in harmony with the zoning district in which it will be located. It describes how the proposed use will minimize adverse impacts to adjoining lands and the surrounding neighborhood. It shows the nature and the extent of the proposed use and development. The Site Plan in Holrob's application shows the square footages of the buildings proposed. The conclusions reached by the Board on the facts of this case are reasonable, as are the contrary conclusions reached by the Plaintiffs. The decision is therefore fairly debatable. Accordingly, the Defendant's demurrers are sustained as to Count I.

As to Count II, there are facts in the pleadings in support of the position that traffic impacts were adequately considered. The application addressed the issue of traffic impacts, and the Traffic Impact Analysis Report shows clearly that a detailed traffic study was performed. The staff report and the report by the Deputy Director of Planning discuss traffic impacts in significant detail, and the Board considered the issue at the meeting on October 24, 2006. The transmittal report and the minutes of the Planning Commission's meeting on October 3, 2006, also mention this issue. Again the results are fairly debatable. Defendant's demurrers are sustained as to Count II.

Insofar as Count III is concerned, there are facts in the record in support of the position that the Board's decision was not arbitrary, capricious, irrational, and unreasonable, and that the proposed use is not incompatible with the CVOD, the Roanoke County Community Plan, or surrounding land uses. These facts are found in Holrob's application, the staff report, the minutes of the Planning Commission meeting on October 3, 2006, the transmittal report, the report of the Deputy Director of Planning, the minutes of the Board's meeting on October 24, 2006, the Roanoke County Community Plan, and the Design Guidelines for the CVOD. The conclusions of the Board as to Count III are not arbitrary, capricious, irrational, or unreasonable. They are instead, within a range of reasonableness and fairly debatable. Therefore, the demurrers to Count III are sustained.

*Summary*

In summary, the Court takes judicial notice of the zoning ordinances, so as to them, the motions craving oyer are denied. The Court finds that the other documents are all part of the legislative record that is the basis of Plaintiff's claims, and as to them the motions craving oyer are granted. With those documents included, Plaintiff's pleadings show that the Board's decisions fall within a range of reasonableness and are fairly debatable as to all counts in Plaintiff's Complaint. Accordingly, the demurrers are sustained and Plaintiff's Complaint is dismissed with prejudice.