## CIRCUIT COURT OF HANOVER COUNTY

EMAC, L.L.C.

v.

Hanover County
and Hanover County
Board of Supervisors

November 12, 2014

Case No. CL14001503-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Defendants' Demurrer. The parties were represented by their respective counsel at a hearing on September 30, 2014. The Court heard argument and took the matter under advisement. Following a thorough review of the pleadings and the law, the Court finds as follows.

### I. *Background*

Accepting the factual allegations in Plaintiff's Amended Complaint as true, the following facts are relevant to the demurrer. This case came before this Court as an appeal and challenge of the decision of the Board of Supervisors of Hanover County ("the Board") on May 28, 2014, to deny EMAC's application for an extension of its Conditional Use Permit ("CUP") for a destination commerce sign on its property.

EMAC's Amended Complaint, filed October 9, 2014, makes the following assertions: (1) the Board violated Dillon's Rule by exceeding its express and necessarily implied authority by imposing a requirement that EMAC enter into an agreement with Craig Realty and others as a condition of the extension; (2) the denial of the extension was arbitrary, capricious,

and in violation of Virginia law; (3) EMAC is entitled to damages for deprivation of its substantive and procedural due process rights; (4) EMAC is entitled to a declaratory judgment for violations of the Due Process Clause of the Virginia and Federal Constitutions; (5) EMAC is entitled to damages for the violation of its rights under the Equal Protection Clause of the Fourteenth Amendment; (6) EMAC is entitled to a declaratory judgment for violations of the Equal Protection Clause of the Fourteenth Amendment; (7) the denial of the extension constitutes a taking of EMAC's property without just compensation in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 11, of the Constitution of Virginia; and (8) the Board denied EMAC its vested rights in violation of Va. Code § 15.2-2307. Defendants filed their Demurrer and Motion to Dismiss EMAC's Amended Complaint on October 20, 2014.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Virginia Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993).

The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. at 69. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997); *see Dodge v. Randolph-Macon Women's College*, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

## III. *Analysis*

In Virginia, legislative action is presumed reasonable, and the burden rests on the party attacking it to establish that it is unreasonable. *Concerned Taxpayers v. Brunswick*, 249 Va. 320, 327 (1995). In the exercise of its police powers, the legislative branch of a local government has broad discretion in the adoption of zoning regulations. Its action is presumed to be valid and will not be disturbed by a court absent clear proof that the action is unreasonable, arbitrary, and bears no reasonable relation to the public health, safety, morals, or general welfare. *City Council of Virginia Beach v. Harrell*, 236 Va. 99, 101, 372 S.E.2d 139, 141 (1988).

When, however, the presumption of validity is challenged by probative evidence of unreasonableness, the enactment cannot be sustained unless the legislative body meets the challenge with some evidence of reasonableness. *Harrell*, 236 Va. at 102. The governing body need not prove the reasonableness of its action by a preponderance of the evidence, but must only produce evidence sufficient to make the question "fairly debatable." *Fairfax County v. Southland Corp.*, 224 Va. 514, 522-23, 297 S.E.2d 718, 722 (1982). If the reasonableness of the enactment is fairly debatable, a court will not substitute its judgment for that of the legislative body, and the legislation will be sustained. *Harrell*, 236 Va. at 101.

The standards of judicial review applicable to zoning enactments also apply to actions taken by a local governing body on an application for a conditional use permit. *City of Richmond v. Randall*, 215 Va. 506, 511, 211 S.E.2d 56, 60 (1975); *see also Southland Corp.*, 224 Va. at 522, 297 S.E.2d at 722.

> The presumption of legislative validity attaches not only to zoning ordinances adopted by legislative bodies, but also to actions on applications for special use permits where legislative bodies are empowered by law to take such actions. And here, too, the linchpin of the presumption is reasonableness. When a landowner whose special use permit has been denied shows that the existing zoning ordinance, as applied to his land, is invalid, and that the use he requested is reasonable, he has made a *prima facie* showing that the legislative action denying his permit was unreasonable. The burden then shifts to the legislative body to produce evidence showing that the denial was reasonable. If evidence of reasonableness is sufficient to make the question fairly debatable, the legislative denial must be sustained. If not, it cannot be sustained.

*Randall*, 215 Va. at 511, 211 S.E.2d at 60. Thus, to make a *prima facie* showing that the denial of a conditional use permit was unreasonable, a landowner must show not only that the use he requests is reasonable but that the existing zoning ordinance, as applied to his land, is unreasonable. *Harrell*, 236 Va. at 102; *see also Board of Supervisors v. International Funeral Services, Inc.*, 221 Va. 840, 843, 275 S.E.2d 586, 588 (1981) ("When a landowner has been denied rezoning and he challenges the denial, his threshold burden of proof requires a clear demonstration that the existing zoning classification is no longer reasonable or appropriate.").

The Court accepts as true all facts from the pleadings, as well as any reasonable factual inferences fairly and justly drawn from them. The Court also assumes that the proposed use of CUP 2-12 by EMAC is reasonable. Applying the applicable law to those facts alleged in the Amended

Complaint and accompanying exhibits, the Court finds that EMAC has failed to allege sufficient facts to demonstrate that the use permitted under the current zoning scheme is unreasonable.

In *Harrell*, the landowner sought a conditional use permit that would allow him to expand his convenience store to add a gas station. At trial, Harrell had presented probative evidence that the proposed sale of gasoline was a reasonable use of the property. Harrell also had testified that the convenience store could be operated economically without the sale of gasoline. The Supreme Court noted that Harrell did not present any evidence that the use permitted under the ordinance was unreasonable. Thus, the Supreme Court stated, "because the existing zoning and the proposed conditional use are both appropriate, Harrell failed to satisfy the threshold burden of proof and a classic case of a fairly debatable issue is presented." *Harrell*, 236 Va. at 103 (internal citations omitted).

Nowhere in the Amended Complaint does EMAC allege that the existing zoning ordinance is unreasonable as applied to the subject property, an allegation the Supreme Court has labeled a threshold requirement to this sort of challenge. EMAC has alleged facts, however, from which the Court can infer the reasonableness of the current zoning ordinance. The Amended Complaint alleges that EMAC owns the land upon which McGeorge Rolling Hills RV SuperCenter operates a recreational vehicle dealership. According to the Amended Complaint, that dealership has been operating on the EMAC property since 2001. The dealership operated on EMAC property under the current zoning ordinance for twelve years prior to the granting of CUP 2-12. In addition, the dealership underwent a multi-million dollar expansion of its commercial enterprises in 2013.

Like the landowner in *Harrell*, the facts alleged by EMAC demonstrate that the denial of its requested conditional use permit is not and cannot be considered unreasonable as applied to its land. In both instances, the landowner alleged facts that the land could be operated economically without the additional requested use. The economic viability of EMAC's land is proven by the continued operation of the dealership since 2001 and the dealership's own recent commercial expansion. For that reason, the Court must conclude that the current zoning ordinance is reasonable as applied to EMAC, because EMAC has alleged no facts as to its unreasonableness.

Even if EMAC could prove that the current zoning ordinance was unreasonable, which it cannot, EMAC would still fail to overcome the presumption of reasonableness of the Board's decision not to extend the conditional use permit. In *County Bd. of Arlington County v. Bratic*, 237 Va. 221 (1989), the Supreme Court stated:

> If the presumptive reasonableness of zoning action is challenged by probative evidence of unreasonableness, the challenge must be met by evidence of reasonableness. If such

> evidence of reasonableness is sufficient to make the issue fairly debatable, the legislative action must be sustained; if not, the presumption is defeated by the evidence of unreasonableness and the legislative act cannot be sustained.

*Bratic*, 237 Va. at 227 (1989). Applying that standard, the Board's denial of EMAC's extension cannot be overturned by this Court if there are sufficient facts as to the reasonableness of the Board's decision to make the issue "fairly debatable."

In *Eagle Harbor*, the developers not only made allegations of fact in their pleading, but also enlarged the scope of facts before the trial court by incorporation of certain reports as exhibits. *Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603, 620 (2006). Because the plaintiffs had enlarged the scope of facts to be reviewed on the demurrer, the trial court had before it facts showing the unreasonable nature of the ordinances from plaintiff-developer's perspective and facts indicating reasonableness from the defendant-county's perspective. *Id.* Similar facts are present in this case, as EMAC's Exhibits 1 through 9 are properly before this Court on the demurrer.

On this issue, the Court concludes that facts before it on this demurrer contain sufficient evidence of reasonableness to conclude that the Board's denial of the extension of the CUP was fairly debatable. First, there are facts before this Court indicating that EMAC's compliance with the conditions of CUP 2-12 was no longer feasible. The CUP 2-12 conditions included providing a master sketch of the destination commerce development plan, the issuance of building permits for the outlets' construction site, and the submission of evidence that the signs were exempt from or in compliance with Virginia Department of Transportation regulations, among other requirements. *See* Exhibit 6 of Amended Complaint. From these facts, the Court can infer that compliance with the conditions could best be achieved by the developer of the destination commerce development ("Northlake") and the developer of the proposed outlet mall ("Craig Realty Group").

Second, there is evidence that an adverse relationship had developed between EMAC and Craig Realty, which made the possibility of any agreement between those parties seem unlikely. The Amended Complaint alleges that the parties were unable to reach a deal for the purchase of EMAC's property. The Complaint further alleges that a member of the Board pressured EMAC to sell the requested real estate to Craig Realty. Finally, EMAC also alleged that a Northlake employee used deceptive tactics in an attempt to acquire rights to the property from EMAC. From these facts, the Court can infer there was little to no possibility that an agreement between EMAC and Craig Realty would be possible.

Third, there is evidence in the Amended Complaint that Hanover County intended for Craig Realty to control both signs from the moment CUP 2-12 was issued. The Amended Complaint quotes Supervisor Via

as stating, "[t]he conditional use permit was approved based on . . . the representation [that] the property upon which the signs will be located was owned by Craig Realty Group, develop[er] of the outlet mall." In addition, Craig Realty's cover letter for its CUP 4-14 application informed the Board that the investment and control of these signs "should be the responsibility of the Outlet Center management with a proven record in implementing this media elsewhere." Exhibit 9 of Amended Complaint. This letter was dated May 5, 2014, just less than three weeks before the Board denied EMAC's extension. From these facts, the Court can conclude that the Board believed that the ownership and management should also be held by the developer of the entire project, not an independent entity like EMAC.

Relying on the two years of difficulty in obtaining compliance with the conditions of CUP 2-12, the strained relationship between EMAC and Craig Realty, and the potential benefits to Hanover County to award the second sign to the developer of the outlet mall, this Court finds that the Board had a rational basis for denying the extension of EMAC's conditional use permit. While reasonable people could disagree with the Board's decision, the facts before this Court on the demurrer indicate that the Board did have a rational basis for its decision. Therefore, this Court must conclude that the denial of EMAC's extension was fairly debatable, and, thus, not arbitrary and capricious as a matter of law.

## IV. *Conclusion*

For the reasons articulated in this letter opinion, the Court will sustain the Defendants' demurrer and dismiss Plaintiff's Amended Complaint with prejudice.