# Richmond

THE BOARD OF SUPERVISORS OF FAIRFAX COUNTY, VIRGINIA v. GUY O. FARLEY, JR., TRUSTEE.

April 23, 1976.

Record No. 750456.

Present, All the Justices.

*David T. Stitt* (*Frederick Lee Ruck, County Attorney; George A. Symanski, Jr., Assistant County Attorney*, on briefs), for appellant.

*Dexter S. Odin* (*Odin, Feldman, Pittleman and Carter, P.C.*, on brief), for appellee.

I'ANSON, C. J., delivered the opinion of the court.

The issue presented on this appeal is whether the trial court erred in enjoining The Board of Supervisors of Fairfax County [Board] from taking any action against Guy O. Farley, Jr., Trustee, appellee herein, "to prevent the use or development of" certain property in accordance with the county's C-OL [commercial office, low-rise] zoning classification.

In June 1971, Farley filed an application requesting an amendment to the zoning ordinance of Fairfax County applicable to a 1.48 acre

tract located in the southeastern quadrant of Route 123 and Great Falls Street in Fairfax County. The property was zoned R-12.5, a classification permitting up to 2.9 dwelling units per acre, and Farley's application requested that the property be rezoned to C-O, [commercial office] classification. The Board denied the application, and Farley thereafter filed a motion for a declaratory judgment challenging this decision.

The trial court, in an opinion letter dated February 25, 1974, declared that the Board's action denying the application to rezone the subject property from R-12.5 to the C-O classification was arbitrary and unreasonable. The court's opinion was based upon stated findings of fact that the county's comprehensive plan for the designated area envisioned a greater density than that allowed under R-12.5; that the Board had previously granted RT-10 rezoning in accordance with its comprehensive plan; and that RT-10, a classification permitting residential townhouses not exceeding 10 units per acre, and C-O zonings are transitional in some situations, but appear fairly debatable in this instance.

The court's order entered March 15, 1974, was based on its opinion letter, and provided that the refusal of the Board to amend the zoning ordinance to place the subject property in a "category permitting more intense use of land than does the present R-12.5 zoning category was arbitrary and unreasonable." The order directed the Board "to reconsider the zoning of the subject property and to rezone that property consistent with its order and its opinion letter of February 25, 1974, within a 90-day period of the date of this order."

After being advised of the trial court's holding, the Board decided not to appeal the order, which became final, and requested the County's Planning Commission staff to prepare an opinion letter for the Board to act upon in accordance with the court's order. Although the letter to the Board was prepared, through inadvertence it was not received by the Board and no action was taken by it pursuant to the court's order. There is no contention, however, that the Board willfully or intentionally disregarded the court's order.

Nearly six months after the expiration of the 90-day period, Farley filed a motion on November 29, 1974, requesting the trial court to rezone the property to the C-O classification because the Board had failed to comply with the court's order. This motion alerted the Planning Commission staff, which promptly notified the Board of its failure to act. At its meeting on December 9, 1974, the Board directed that a

public hearing be advertised concerning rezoning the subject property to the RT-10 classification.

Before the rezoning hearing was held, Farley's motion was considered by the court. The court found that the Board had not rezoned the subject property consistent with its order and it entered an order enjoining the Board from taking any action to prevent the use or development of the subject property in accordance with C-OL zoning, a lesser and included C-O classification.

The Board promptly filed a motion asking the court to reconsider its decision and it deferred rezoning the property until the court could rule on its motion. After the court overruled this motion to reconsider, the Board then rezoned the property to the RT-10 classification.

Under its order of March 15, 1974, incorporating by reference the opinion letter, the court held that the Board's denial of the rezoning of the property from R-12.5 was unreasonable and arbitrary. The opinion letter and the court's order also held, in effect, that there were two reasonable uses of the property, i.e., under the RT-10 and C-O classifications, since the two uses were fairly debatable from the evidence presented. Thus, it directed the Board to rezone the property and place it in a zoning category permitting more intense use of the land than that allowed under the R-12.5 zoning category.

The Board interpreted the court's opinion letter and order to mean that it had the option to consider rezoning the property to either RT-10 or C-O. This interpretation is not entirely without justification from the language used by the court. Indeed, it was conceded by appellee's counsel in oral argument before us that the order could have been clearer. Hence the Board scheduled a public hearing on rezoning the property to the RT-10 classification only.

At the hearing on Farley's motion requesting the court to rezone the property to the C-O classification, and upon learning of the Board's interpretation of its order, the trial court should have clarified the order and given the Board an opportunity to reconsider both the RT-10 and C-O zoning classifications, both of which were shown by the evidence to embrace reasonable uses of the property. Moreover, the court's order of December 15, 1974, rezoning the property to C-OL, which was merely one of the reasonable uses of the property, was erroneous because it encroached upon the Board's legislative discretion in contravention of the principle enunciated in *Board of Supervisors of Fairfax County* v. *Allman*, 215 Va. 434, 445-46, 211 S.E.2d 48, 55-56 (1975) and the general policies outlined in *City of Rich-*

*mond* v. *Randall*, 215 Va. 506, 513-14, 211 S.E.2d 56, 61-62 (1975). *See also City of Fairfax* v. *Swart*, 216 Va. 170, 172-73, 217 S.E.2d 803, 805-06 (1975); *Arlington County* v. *God*, 216 Va. 163, 164-65, 217 S.E.2d 801, 803 (1975), *cert. denied*, 423 U.S. 1088.

For the reasons stated, the order is reversed and the case is remanded with directions to enter a new order. The new order will direct the Board, within a reasonable time prescribed in the order, to take further legislative action not inconsistent with the order entered March 15, 1974; enjoin Farley, during such prescribed time, from putting the subject property to any use; and order that, should the Board fail to comply within the prescribed time, the Board shall thereafter be enjoined from taking any action which would disallow any use of the subject property shown by the record to be reasonable.

*Reversed and remanded with directions.*