# BOARD OF SUPERVISORS OF FAIRFAX COUNTY

## v.

## MILLER & SMITH, INC., ET AL.

Record No. 910187

November 8, 1991

Present: All the Justices

*Randall T. Greehan, Assistant County Attorney (David T. Stitt, County Attorney; J. Patrick Taves, Senior Assistant County Attorney; T. David Stoner, Assistant County Attorney*, on briefs), for appellant.
*Jerry K. Emrich (Walsh, Colucci, Stackhouse, Emrich & Lubeley*, on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

On July 11, 1988, the Board of Supervisors of Fairfax County (Board) denied a rezoning application filed by Miller & Smith, Inc. and Oscar and Alice Kiessling (collectively Miller & Smith). The application sought to rezone 2.187 acres of property from R-1, a residential district (allowing one dwelling unit per acre), to C-3, an office district. Although denying the C-3 zoning request, the Board of Supervisors rezoned the property to R-5, which is a residential district, allowing five dwelling units per acre.

Miller & Smith filed suit challenging the Board's denial of its zoning request. At trial, the Board presented evidence that both the R-5 and R-8 zoning categories were reasonable and that the C-3 category was unreasonable. The trial court rejected Miller & Smith's challenge, finding that the requested C-3 zoning was unreasonable as applied to the subject property, that the existing R-5 zoning was reasonable, and that the R-8 zoning would be "even more reasonable" than the R-5 category.

The court asked the parties to present proposed final decrees. Miller & Smith submitted the following paragraph:

ADJUDGED, ORDERED and DECREED that R-8 zoning of the subject property is more reasonable than R-5 zoning, and R-8 zoning can not validly be denied if the property owner files an application seeking that zoning category.

The Board's objection to this paragraph was overruled and the trial court's final order, entered on November 2, 1990, contained the above language. The trial court denied the Board's motion to reconsider and the Board filed this appeal.

The Board's single assignment of error is that the trial court erred in ruling that the Board could not validly deny a future rezoning application for the R-8 zoning category in light of the

court's holding that the C-3 zoning request was unreasonable and that the R-5 zoning was reasonable. We agree.

■ When two reasonable zoning classifications apply to a property, the legislative body, the board of supervisors in this case, has the legislative prerogative to choose between those reasonable zoning classifications. *Fairfax County v. Pyles*, 224 Va. 629, 639, 300 S.E.2d 79, 84 (1983); *Board of Supervisors v. IFS*, 221 Va. 840, 844, 275 S.E.2d 586, 589 (1981); *Fairfax County v. Jackson*, 221 Va. 328, 335, 269 S.E.2d 381, 386 (1980); *Fairfax County v. Farley*, 216 Va. 816, 818-19, 223 S.E.2d 874, 876 (1976).

■ This principle is not displaced by the provisions of Code §§ 15.1-489 or -490. These sections set out the purpose of the zoning ordinances and a number of factors which a zoning authority must consider when taking zoning actions. The weighing of the relevant factors is a legislative function reserved to the zoning authority. On judicial review, a court is limited to a determination whether the decision which resulted from the legislative action was reasonable. *Jackson*, 221 Va. at 335, 296 S.E.2d at 386.

■ In this case, the trial court unequivocally found that both the R-5 and R-8 zoning categories were reasonable for the subject property. Presented with two uses, both of which are reasonable, the Board may choose between those uses, even though one use "might have been the more appropriate, or even 'the *most* appropriate,' use for the land." *Board of Supervisors v. IFS*, 221 Va. at 844, 275 S.E.2d at 589 (emphasis in original).

Therefore, the trial court erred in entering a decree which would require the Board to grant the R-8 zoning category rather than the R-5 zoning category. Accordingly, we will modify the decree of the trial court by deleting the paragraph in issue and affirm the decree as modified.

*Decree modified and affirmed as modified.*