## CIRCUIT COURT OF FAIRFAX COUNTY

Hertz et al.

v.

Fairfax County
Board of Supervisors

June 17, 1992

Case No. (Chancery) 112463

BY JUDGE J. HOWE BROWN

This case came before the Court for trial starting on May 26, 1992. Complainants seek a ruling from the Court that the defendant Board of Supervisors of Fairfax County acted illegally in denying the complainants' rezoning application on July 10, 1989. At the conclusion of the evidence, the Court requested that the parties submit their closing arguments in writing to the Court for consideration. Upon review of the evidence presented, arguments of counsel, and applicable law, the Court finds in favor of the defendant.

A determination regarding the adoption of zoning regulations constitutes legislative action. *Lancaster County v. Cowardin*, 239 Va. 522, 525, 391 S.E.2d 267, 269 (1990). The parameters of the judicial review of legislative zoning decisions are well settled. *Fairfax County v. Southland Corp.*, 224 Va. 514, 522, 297 S.E.2d 718, 722 (1982). The legislature's action is presumed to be valid and will not be disturbed by a court absent clear proof that the action is unreasonable, arbitrary, and bears no reasonable relation to the public health, safety, morals, or general welfare. *Cowardin*, 239 Va. at 525. If the reasonableness of the action is fairly debatable, it will be upheld. The court will not substitute its judgment for that of the legislative body. *Id.; Virginia Beach v. Virginia Land Invest. Ass'n*, 239 Va. 412, 415, 389 S.E.2d 312, 313 (1990).

If the presumptive reasonableness of the action is challenged by probative evidence of unreasonableness, the legislative body must produce evidence of reasonableness. *Cowardin*, 239 Va. at 526. If the evidence of

reasonableness presented by the governing body is sufficient to make the question "fairly debatable," the action must be sustained. *Southland Corp.*, 224 Va. at 523. An issue may be said to be fairly debatable when, measured by both quantitative and qualitative tests, the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions. *County Board of Arlington v. Bratic*, 237 Va. 221, 227, 377 S.E.2d 368, 371 (1989). If the evidence of reasonableness is not sufficient, the presumption is defeated by the evidence of unreasonableness, and the action cannot be upheld. *Id.*

The party attacking the zoning hence has the burden of establishing the unreasonableness of the existing zoning as well as the reasonableness of the proposed zoning. *City of Covington v. APB Whiting, Inc.*, 234 Va. 155, 160, 360 S.E.2d 206, 209 (1987). Where two uses of the property are reasonable, the issue of which to choose is fairly debatable, and the Board has the legislative prerogative to choose between those reasonable zoning classifications. *See Id.* at 161; *see also Board of Supervisors, Fairfax County v. Miller & Smith, Inc.*, 242 Va. 382, 384, 410 S.E.2d 648, 650 (1991). This is so even though one use might have been a more appropriate, or even the most appropriate, use for the land. *Miller & Smith*, 242 Va. at 384. On judicial review, a court is limited to a determination whether the decision which resulted from the legislative action was reasonable. *Id.*

The Court first finds that the existing R-1 zoning of the property is not unreasonable. The evidence presented shows that the property contains a single family detached residential dwelling which is being rented for over one thousand dollars a month. The property as zoned has substantial value. Moreover, the sole access to the property is from one direction of Route 7, a busy, congested highway. While the current zoning possibly may not be the most appropriate or highest use of the land, it is reasonable at the present time and under the existing circumstances. Therefore, even if the proposed zoning was reasonable, the choice between the two zoning classifications would be fairly debatable, and the court would sustain the Board's action.

The court also finds, however, that the zoning proposed by the complainants is not reasonable at the present time and under the existing circumstances. Although the Comprehensive Plan does call for the zoning requested by the complainants, the proposed zoning does not adequately comport with the recommendations of the Plan. For instance, the R-20 zoning requires four acres unless there is a waiver. The complainants are requesting the rezoning to R-20 for a single parcel of property constituting

only 1.21 acres, and the Board was fully justified in denying a waiver of the 4 acre requirement. Complainants failed to show that their proposed development would not adversely affect adjoining property. Development of this isolated 1.2 acre parcel surely would adversely affect any future development of the two adjoining parcels. Complainants were not able to point to any other similar waiver of the 4 acre requirement.

At present, the sole access to the property is from Route 7. Route 7 is a busy and already overcrowded road. Testimony was offered that the proposed rezoning would create additional traffic burdens on an area of Route 7 which is already heavily congested and on a hill. Even the impractical solution suggested by complainants, that the county condemn access for them across the adjoining property (which access complainants have been unable voluntarily to secure), raised an issue of adverse impact on traffic which was a legitimate matter for the Board to consider in rejecting the application. Without alternate access, the proposed rezoning would increase turning movements directly onto Route 7 and increase the threat to public safety.

The court finds that the existing zoning is a reasonable use of the property. The court also rules that although the proposed rezoning is suggested in the Comprehensive Plan, the complainants are unable to fully comply with the Plan's necessary recommendations in terms of both the appropriate acreage and safe access to the property. The court concludes that the Board's action is fairly debatable and thus reasonable in this case.

Judgment is entered for the defendant.