# CIRCUIT COURT OF HANOVER COUNTY

James A. Hill
and Constance M. Hill

v.

Hanover County
Board of Supervisors

March 15, 2000

Case No. (Chancery) 542-98

BY JUDGE JOHN RICHARD ALDERMAN

*Findings of Fact*

The Court finds the following facts proved.

The property at issue is owned by Plaintiffs and consists of 127.8+/- acres. It is located on the north side of Rural Point Road (State Route 643), approximately 2300 feet north of its intersection with Studley Road (State Route 606); the property is assigned GPINs 8717-82-7439, 8717-91-5975, and 8727-02-0343.

Plaintiffs acquired the property in three transactions in 1980, 1981, and 1982; the total purchase price was $226,000.00. The property is currently assessed by Hanover County at $396,000. Since the property was acquired, it has been taxed as agricultural at a reduced valuation. Plaintiffs lease part of the property for farming with the remainder held in a forestal use. Plaintiffs purchased the property for investment purposes.

In 1987, Plaintiffs applied to rezone the property from its then and now zoning of A-1 (Agricultural District) to AR-1 (Agricultural-Residential District). This application was denied by the Defendant Board in 1988.

Though not addressed by the parties, the Court assumes, for purposes of argument, that the 1987 rezoning proposal was similar to the 1998 application.

In 1998, Plaintiffs again applied for rezoning to AR-1, submitting a plan allowing construction of ninety-four single-family dwellings. Since the application implicated unplanned capital expenditures for the County, it was required that "proffers" of money accompany the application in accordance with Defendant's policies.

The County Planning Commission voted against this rezoning application in October 1998, and the Defendant Board followed suit in November 1998. Materials prepared for each consideration are contained in the materials submitted and stipulated by the parties.

Plaintiffs contend, and the testimony at trial demonstrates, that the "highest and best use of the property" is as single family dwellings, as proposed by Plaintiffs.

The subject property seems fit to support septic tank sewage disposal, though the ability of the land to support such will degrade over time. Plaintiffs have not demonstrated a benign effect of incidental surface pollution associated with roads and lawns in the proposed subdivision.

Plaintiff's proposal contemplated a "master well" to serve the proposed subdivision, but the effect of such a well on surrounding properties was not known.

The proposed subdivision abuts the proposed Crump Creek Reservoir. Moreover, Plaintiffs' property lies within the Crump Creek Reservoir Overlay Protection District, as established by the County in 1989. While the County has no current plan to develop this water storage facility, and cooperation of the Corps of Engineers is problematical, it remains a part of the County's contingent planning for a safe water provision to Hanover citizens in the future. The proposed subdivision would have a detrimental effect on such a reservoir. In addition, Rural Point Road is the boundary between two watersheds, i.e., the Crump Creek watershed to the north and the Chickahominy River to the south.

*Conclusions of Law*

Va. Code § 15.2-2200 expresses a number of principles that guide the development of Hanover County among Virginia's jurisdictions. Among several competing considerations are: "that agricultural and forestal land be preserved," and "that residential areas be provided with healthy surroundings for family life." Most important is "that the growth of the community be consonant with the efficient and economical use of public funds."

Va. Code § 15.2-2223 requires the County to have adopted a comprehensive plan for the physical development of the land. The plan may, and Hanover County's does, provide for "the designation of areas for various types of public and private development and use, such as different kinds of residential, business, industrial, agricultural, mineral resources, conservation, recreation, public service, flood plain and drainage, and other areas." The comprehensive plan may also, and Hanover County's does, provide for the "designation of historical areas" and the "designation of areas for the implementation of measures to promote the construction and maintenance of affordable housing, sufficient to meet the current and future needs of residents of all levels of income in the locality. . . ."

. Va. Code § 15.2-2232 provides that a comprehensive plan "shall control the general or approximate location, character, and extent of each feature shown on the plan."

> Thereafter, unless a feature is already shown on the adopted master plan or part thereof or is deemed so under Subsection D, no street or connection to an existing street, park or other public area, public building or public structure, public utility facility or public service corporation facility other than railroad facility, whether publicly or privately owned, shall be constructed, established, or authorized, unless and until the general location or approximate location, character, and extent thereof has been submitted to and approved by the commissioner. . . .

The Court observes that Plaintiffs' plan for development requires both the creation of streets connecting to existing streets and of a public utility fixture (i.e., the common well intended to serve the proposed subdivision). The Court further finds that Hanover County and Plaintiffs utilized the procedural guidelines required by Va. Code § 15.2-2232, resulting in the vote by the Defendant Board of Supervisors to deny Plaintiffs' proposal for development. Hanover County's subdivision ordinances, moreover, as conceded by Plaintiffs, comport to the requirements of Va. Code § 15.2-2241.

As Plaintiffs concede, Hanover County also has valid zoning ordinances which "regulate, restrict, permit, prohibit, and determine the following: (1) The use of land, buildings, structures, and other premises for agricultural, business, industrial, residential, flood plain, and other specific uses. . . ." Va. Code § 15.2-2280.

As Plaintiffs concede, Hanover County's Comprehensive Plan and zoning ordinance adopted implementing the plan provide for development of

residential areas like that proposed by Plaintiffs within described areas. Plaintiffs' land lies outside those areas. Plaintiffs' argument proceeds on the premise that the plan and zoning ordinances are arbitrary and capricious in their application to Plaintiff's property.

### Summary

Plaintiffs primarily rely on *Board of Supervisors of Fairfax County v. Carper*, 200 Va. 653, 107 S.E.2d 390 (1959), to support their position that the application of the Comprehensive Plan and zoning ordinances as applied to their property is arbitrary and capricious. The court in *Carper* held invalid an amendment to the Fairfax County zoning ordinance that zoned the western two-thirds of the county for one agricultural district, allowing for a minimum of two-acre sized lots. The court further found that the purpose of the amended zoning law was to prevent residential development in only the western area of the county and to channel growth into the eastern area, which would be more economical for the government. The cumulative effect of such proposal would be to force low-income families into the more densely developed eastern one-third of the county. *Carper* held that this goal was intentional and exclusionary, bearing no relation to public health, safety, or welfare, and was therefore unconstitutional. Plaintiffs argue that the barrier in *Carper* is similar to the green line at issue here. However, unlike the plan in *Carper*, Hanover's plan does not permit any development at all. As such, Plaintiffs alignment to *Carper* is misplaced.

In addition, the green line at issue here separates areas to the north and east, where AR-1 zoning is not allowed, from areas to the south and west, where AR-1 zoning is officially permitted. Plaintiffs observe that there are several subdivisions above the green line that have been zoned for residential use. Plaintiffs argue that because their proposed development is consistent with surrounding residential uses, the Board's denial of Plaintiff's request for rezoning of the subject property was arbitrary and capricious.

While these residentially zoned properties are in close proximity to the Hill property and are in fact located outside of the designated Suburban Service Area, they were either zoned prior to the adoption of any comprehensive plan or under the plan in effect between 1974 and 1982. For example, the Greenway, Oakdale, Rainier Estates, and Heatherwood subdivisions were all developed under the 1972 Comprehensive Plan. Defendant Exhibit # 3. The Colonial Forest subdivision was developed pre-1970 when no comprehensive plan was in effect. *Id.* Though Summer Plains, Studley Farms, Parson's Cause, and Pamunkey Estates (all of which are zoned

either AR-1 or AR-2) geographically fall northeast of the green line and were established under the 1982 Comprehensive Plan, they are either outside the Crump Creek Watershed Protection Area, in which the subject property lies or so different in character as to not warrant a sufficiently comparable comparison of them to the Hill property. Mill Race and Woodlands subdivisions, on the other hand, are in closest proximity to the Hill property and are also closest to the green line. However, the AR-1 and AR-2 zonings at the intersection of Rural Point and Studley Roads, which is where these subdivisions are located, serve as a planned transition area from the higher density locales to the rural areas.

The Court finds that the Defendant Board's decision to deny the requested rezoning of Plaintiff's property was in accordance with the County's Comprehensive Plan, which was adopted to serve the public health, safety, and welfare of the citizens of Hanover. The plan, as applied to Plaintiff's property, was not arbitrary or capricious, as it fulfilled its fundamental goal of preserving the rural character of the County while concentrating suburban growth in areas where public utilities currently are or will be made available. As testimony suggests, failure to implement this type of plan would result in "uncontrolled residential sprawl" throughout the County. The Supreme Court of Virginia has acknowledged the responsibility of local governing bodies to abide by the provisions of their established plans. *City Council of the City of Salem v. Wendy's of Western Virginia, Inc.*, 252 Va. 12 at 18 (1996) (citing *Board of Supervisors of Loudoun County v. Lerner*, 221 Va. 30, 37, 267 S.E.2d 100 (1980)). The Defendant Board did just that.

Finally, as both parties are well aware, local governing bodies enjoy wide latitude in zoning actions, and courts should not substitute its judgment for the local body unless there is a clear abuse of power. *Bynum v. Board of Supervisors*, 217 Va. 37, 39, 225 S.E.2d 369 (1976). An owner denied a requested zoning change generally has the burden of showing that reasonable use is not permitted by current ordinances and that the proposed change is reasonable. *City of Virginia Beach v. Harrell*, 236 Va. 99, 372 S.E.2d 139 (1988).

In the present case, the evidence presented by Plaintiffs showed that the highest and best use of the property is as single family dwellings. Interestingly, the uses permitted by right in the A-1, Agricultural District, include single family residential dwellings on large lots, generally ten acres or larger. Thus, the current zoning provides reasonable and appropriate uses for the property. Virginia law clearly establishes that, when presented with two uses, both of which are reasonable, the Board may choose between those uses, even though one use "might have been the more appropriate, or even 'the most appropriate'

use for the land." *Board of Supervisors v. Miller & Smith, Inc.*, 242 Va. 382, 384, 410 S.E.2d 648 (1991) (citing *Board of Supervisors v. International Funeral Services*, 221 Va. at 846 (1981)).

In summary, the court finds that the Plaintiffs have failed to overcome the presumption of legislative validity that applies to a zoning decision made by a local governing body. The Defendants' actions were reasonable and their decision to deny the requested rezoning is sustained.