## CIRCUIT COURT OF ROANOKE COUNTY

David Runion
and Dorothy Runion et al.

v.

Roanoke County
Board of Supervisors
and Cotton Hill Land Co., L.C.

April 22, 2004

Case No. CH03-296

BY JUDGE ROBERT P. DOHERTY, JR.

The Plaintiffs have filed a bill of complaint seeking to reverse the adoption by the Board of Supervisors of an ordinance permitting the rezoning of a 22.75-acre tract of land owned by Defendant Developer from agricultural/rural (" AR" ) to residential single family (" R-1" ). Plaintiffs allege in their bill of complaint that the rezoning was unlawful in that the Board's decision "bore no reasonable relation to the public health, safety, and general welfare" of the Back Creek community, that the rezoning is inconsistent with the Community Plan, and that the Board failed to consider adequately the impact upon the community. Alternatively, the Plaintiffs contend that the rezoning constitutes illegal spot zoning done solely for the benefit of a private party. The Defendants deny both these allegations, arguing that the rezoning reflects an appropriate exercise of legislative discretion by the Board of Supervisors. An evidentiary hearing was held, after which the

Court viewed the area in issue. For the reasons given below, the Court denies each of the Plaintiffs' claims.

*Abuse of Discretion*

Within the governmental scheme of the Commonwealth, a board of supervisors functions as the legislative branch of the county. With this in mind, the courts of the Commonwealth have long recognized that a decision of a board of supervisors in granting or denying an application for rezoning is a legislative act that is presumed to be reasonable. This presumption will stand until the party challenging the decision presents probative evidence that the legislative act was unreasonable. If the challenge is met by the board with evidence of reasonableness sufficient to render the issue fairly debatable, the legislative action must be sustained by the courts. It is only when the board's action is unconstitutional or arbitrary and capricious or constitutes an abuse of discretion, i.e. clearly wrong, that the courts have the authority to overturn the decision of the legislative branch. The issue is fairly debatable if, when evaluated by quantitative and qualitative measures, the evidence in support of the opposing views *could* lead objective and reasonable persons to reach different conclusions. *Gregory v. Board of Supervisors of Chesterfield County*, 257 Va. 530, 537, 514 S.E.2d 350 (1999); *City Council of Salem v. Wendy's of Western Va., Inc.*, 252 Va. 12, 14-15 (1996). But when two reasonable zoning classifications apply to a property, the legislative body has the prerogative to choose between those reasonable zoning classifications. *Board of Supervisors of Fairfax County v. Miller & Smith, Inc.*, 242 Va. 382, 384, 410 S.E.2d 648 (1991).

In this case, the Court finds that the Defendants have met their evidentiary burden of showing that the decision to grant the rezoning was sufficiently reasonable so as to make the matter fairly debatable. The Plaintiffs have maintained that the rezoning of the Parcel from AR to R-1 was unreasonable for a panoply of reasons, including: that the rezoning is not in accord with the Community Plan; the failure of the Board to take into account the impact upon the infrastructure of the County; the disturbance to the neighbors, especially the wildlife rescue center; and the destruction of natural habitat. However, even if one assumes for the sake of argument that the Plaintiffs' evidence could lead some people to believe that the rezoning was unreasonable, the evidence submitted by the Board supports the position that a reasonable, disinterested person could have reached a different conclusion than that advanced by the Plaintiffs and, thereby, find that the rezoning was reasonable. The Board was presented with the reality that development of the Parcel would occur and that it had a choice of either allowing a thirty-eight unit

development of the Parcel under AR zoning, with no proffers and with the likelihood that a number of driveways would feed directly onto Cotton Hill Road, or of allowing a forty-four unit development under R-1 with the attached proffers and a more controlled traffic scheme. Additionally, a reasonable person could believe that the difference in the traffic burden under the competing zoning classifications would be marginal. The same can be said as to the impact upon the school, police, and fire and rescue services. Moreover, the Plaintiffs' claim that the Developer could have achieved nearly the same level of economic return under the existing AR classification neglects to account for the benefits to the community arising from the attached proffers, such as the fencing, the easements and dedications, the architectural review committee, and the promise to limit logging. Furthermore, there is no evidence that the Developer will not fully honor all of its proffers in this case. Also, the staff reports and the recommendation of the Planning Commission give additional credence to the Board's decision. Finally, while the current AR classification does call for restrictions to growth, it also contemplates expanded residential development; as such, one could find that an R-1 classification reasonably comports with the Community Plan and that it is in line with the scheme of development along Cotton Hill Road. Therefore, the Court finds that a reasonable and objective person could reach a different position than that advanced by the Plaintiffs. *See Barrick v. Board of Supervisors of Mathews County*, 239 Va. 628, 634-35, 391 S.E.2d 318 (1990). Accordingly, the Plaintiff's claim of abuse of discretion on the part of the Board of Supervisors in its rezoning of the Parcel is denied.

## Spot Zoning

The Court also finds the Plaintiffs' claim of illegal spot zoning to be without merit. Spot zoning is only illegal when the purpose of a zoning ordinance is solely to serve the private interests of one or more landowners, rather than to further a locality's welfare as part of an overall zoning plan that may include a concurrent benefit to private interests. *Riverview Farm Assocs. Va. General Partnership v. Board of Supervisors of Charles City County*, 259 Va. 419, 429-30, 528 S.E.2d 99 (2000). Undoubtedly, in this case, there is a benefit to the Developer that stems from the rezoning. However, the evidence presented to the Court shows that the Board granted the rezoning as part of a continuing plan of development for the County. The Community Plan recognized that development in Back Creek was inevitable as the County continued to mature and grow. By granting the rezoning with the attached proffers, the Board was better able to protect the interests of the County than it would have by merely allowing development under the AR classification. The

44

Board's action, therefore, furthers many of the interests of the County. Additionally, when one takes into account the presence of the Gardens/Groves subdivisions directly across Cotton Hill Road, the rezoning of the Parcel is compatible with the surrounding area. *See Barrick*, 239 Va. at 631-32. Accordingly, the Plaintiffs' claim of illegal spot zoning is denied.