# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday, the 20th day of April, 2017.*

Robert F. Hale, Jr.,                                                          Appellant,

 against        Record No. 160813
                Circuit Court No. CL15-262

Town of Warrenton,                                                        Appellee.

                                                    Upon an appeal from a judgment
                                                    rendered by the Circuit Court of Fauquier
                                                    County.

        Robert F. Hale, Jr., appeals an order from the Circuit Court of Fauquier County sustaining the Town of Warrenton's demurrer and dismissing Hale's complaint with prejudice. Because the circuit court erred in sustaining the demurrer, we reverse the judgment of the circuit court and remand the case for further proceedings.

                                                    I.

        On appeal from a final order granting a demurrer, "we recite the facts contained in the pleadings and all reasonable inferences therefrom in the light most favorable to the plaintiff." *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 215, 796 S.E.2d 556, 558 (2017). We also take into account factual allegations contained in "documents brought into a case as a result of a motion craving oyer" as they "are incorporated into the pleadings and may be used to 'amplify' the facts alleged in a complaint when a court decides whether to sustain or overrule a demurrer." *EMAC, L.L.C. v. County of Hanover*, 291 Va. 13, 21, 781 S.E.2d 181, 185 (2016) (alteration and citation omitted).

        In April 2006, the Director of Planning and Community Development for the Town of Warrenton, Charles Mothersead, sent Hale a letter offering him employment as the Town's Building Official and Property Maintenance Official. Hale accepted the offer and thereafter began service as the only executive Building Official in charge of the Building Department for the Town.

        According to Hale, after he later found himself in conflict with "people of considerable influence in Warrenton," J.A. at 4, the Town Manager notified him in November 2012 that he was being removed from his "supervisor role in the Building Department," although his "pay

grade, job title and other assigned duties" would "remain the same," *id.* at 80. In June 2013, the Town announced that another employee had been appointed as the Town's new Building Official. Later that month, Hale filed a grievance with the Town concerning his removal from the office of executive Building Official.

After the Town decided that the matter was not grievable, Hale appealed to the circuit court. In that proceeding, Mothersead conceded that Hale was not hired as "an interim building official," but rather "as a full-time employee" who served as "the only building official for the Town of Warrenton at that time." *Id.* at 19. Mothersead confirmed that Hale was the "executive official" in charge of the building department. *Id.*

Hale also testified in the circuit court proceeding. He agreed with the Town's attorney on cross-examination that he had initially served in a "probationary" status but stated that this status had expired after serving six months on the job. *Id.* at 28. The circuit court did not address these issues, however, and instead held that Hale had failed to file a timely grievance. *Id.* at 40-42.

In 2015, Hale filed a complaint seeking money damages against the Town for wrongful termination against public policy. Hale later amended his complaint and instead requested a writ of mandamus to reappoint him as "the executive official in charge of the Warrenton building division," *id.* at 7, as a remedy for the Town's alleged violation of 13 VAC § 5-63-50(A), a regulation codifying Section 105.1 of the Virginia Uniform Statewide Building Code. The Town filed a demurrer in response and contended that Hale did not allege facts demonstrating that he was ever permanently appointed as the Town's Building Official. The Town also filed a motion craving oyer for the exhibits entered into evidence at the hearing for his grievance appeal to the circuit court. After hearing oral argument on the motions, the circuit court granted the motion craving oyer, upon which the parties had reached agreement, and sustained the demurrer. During the hearing at which the circuit court sustained the demurrer, the court stated that the alleged facts did not demonstrate that the Town had made a "permanent appointment" of Hale as Building Official. R. at 305.

## II.

On appeal, Hale argues that he alleged sufficient facts to survive a demurrer and to permit the reasonable inference that he was permanently appointed as the Building Official for the Town of Warrenton. We agree.

2

1.

"The purpose of a demurrer is to determine whether a complaint states a cause of action upon which the requested relief may be granted." *Dye v. CNX Gas Co.*, 291 Va. 319, 323, 784 S.E.2d 703, 705 (2016). While a complaint need not "descend into statements giving details of proof in order to withstand demurrer," it must contain "sufficient allegations of material facts to inform a defendant of the nature and character of the claim." *Assurance Data, Inc. v. Malyevac*, 286 Va. 137, 143, 747 S.E.2d 804, 807-08 (2013) (quoting *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993)).

For the purpose of evaluating the circuit court's ruling on a demurrer, "we consider as true all the material facts alleged in the complaint, all facts impliedly alleged, and all reasonable inferences that may be drawn from such facts." *Assurance Data*, 286 Va. at 143, 747 S.E.2d at 807 (alteration and citation omitted). On appeal, however, this Court is not bound by "conclusions of law" or "conclusory allegations" in the complaint. *Brown v. Jacobs*, 289 Va. 209, 212 n.2, 768 S.E.2d 421, 423 n.2 (2015) (citations omitted). As a result, we review de novo the sufficiency of the legal conclusions ascribed to factual allegations in the pleading. *Evans v. Evans*, 280 Va. 76, 81-82, 695 S.E.2d 173, 175-76 (2010).

2.

The Virginia Administrative Code outlines the procedures for the appointment and removal of Building Officials:

> Every local building department shall have a building official as the executive official in charge of the department. The building official shall be appointed in a manner selected by the local governing body. *After permanent appointment, the building official shall not be removed from office except for cause* after having been afforded a full opportunity to be heard on specific and relevant charges by and before the appointing authority.

13 VAC § 5-63-50(A) (emphasis added) (codifying Section 105.1 of the Virginia Uniform Statewide Building Code). The Warrenton Town Code further specifies that "[t]he Town manager shall appoint a building official qualified," under the Virginia Uniform Statewide Building Code, and that only "[t]he town manager may serve as the building official until such appointment is made." Warrenton Town Code § 4-2.

3

In his amended complaint, Hale alleges that he "was the executive official in charge of the building department, by *permanent appointment*"; that he "was the only building official for the Town of Warrenton"; and that he had "lost all supervisory responsibilities, without the benefit of any hearing, or an opportunity to have a hearing." J.A. at 3-4 (emphasis added). Mothersead also conceded that Hale was hired as a "full-time," not a mere "interim," Building Official. *Id.* at 19.[1] Hale acknowledged his initial "probationary" status but stated that this status was in effect only for the first six months of his employment. *Id.* at 28. Upon this and other allegations, Hale contends that, while he was initially "hired as an at-will employee," Appellant's Br. at 12, his appointment thereafter became permanent.

These factual allegations, viewed in the light most favorable to Hale, support the reasonable inference that the Town Manager's actions in hiring Hale as the sole Building Official on a full-time basis — subject only to a six-month at-will, probationary period — could be construed as a permanent appointment of Hale as Building Official upon the expiration of his probationary status. In short, whether Hale was permanently appointed is a disputed issue of fact. The circuit court thus erred in concluding that Hale failed to plead sufficient allegations of material facts to withstand the Town's demurrer.[2]

## III.

The judgment of the Circuit Court of Fauquier County is reversed, and the case is remanded for further proceedings consistent with this order.

---

[1] The Town conceded in its brief that Mothersead, the Director of Planning, who "fell under the Town Manager's supervision and control," sent Hale's employment offer "on behalf of the Town." Appellee's Br. at 2. At oral argument, the Town further admitted that the evidence demonstrated a "delegation" of the Town Manager's hiring authority to Mothersead and that the letter extending the offer of employment "came from somebody who was appointed by the Town Manager to do that." Oral Argument Audio at 18:51 to 19:05. Mothersead also testified that this "method of hiring . . . was determined by the Town of Warrenton." J.A. at 19.

[2] Because the mandamus remedy requested by Hale may turn on factual findings made on remand, we offer no opinion on whether that remedy would be appropriate in this case in the event Hale succeeds on the merits. Whether a writ of mandamus should be issued and, if so, its remedial scope, are both matters that should be addressed by the circuit court after determining, among other things, Hale's employment status and whether the Town violated any of Hale's specific rights.

This order shall be certified to the Circuit Court of Fauquier County and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk