COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Ortiz and Senior Judge Annunziata
Argued at Fairfax, Virginia

BONNIE BURKHARDT

v.        Record No. 1908-22-4

PENNEY AZCARATE, CHIEF JUDGE

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 3, 2023

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles S. Sharp, Judge Designate

Bonnie Burkhardt, *pro se*.

(Jason S. Miyares, Attorney General; Steven G. Popps, Deputy
Attorney General; Jacqueline C. Hedblom, Senior Assistant Attorney
General; Thomas J. Sanford, Assistant Attorney General; Robert B.
McEntee, III, Assistant Attorney General, on brief), for appellee.
Appellee submitting on brief.

Appellant Bonnie Burkhardt, *pro se*, challenges a decision by the Circuit Court of Fairfax

County finding that Burkhardt lacked a cognizable right of action that would allow her to sue a

circuit court judge for the ability to present evidence to a grand jury, that Burkhardt failed to

state a claim against appellee Penney Azcarate, Chief Judge of the Fairfax County Circuit Court,

and that Judge Azcarate would be entitled to absolute judicial immunity, had Burkhardt properly

stated a claim.  Limiting our review to the second issue, we hold that Burkhardt failed to state a

claim against Judge Azcarate.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

Burkhardt initiated this action by filing, *pro se*, a petition against Chief Judge Azcarate in Fairfax County Circuit Court requesting to appear before the grand jury "to present evidence of felonious activity by Fairfax County government employees." Burkhardt did not include in the petition the names of the individuals she intended to accuse or the nature of the crimes. Burkhardt alleged that before filing the petition, she had reported the crimes "to Fairfax County law enforcement, Virginia State police officers, and even Virginia Attorney General Mark Herring's office," but "[a]ll her reports were ignored." Despite Burkhardt's having made "numerous crime tips and requests for an investigation, . . . [n]o action has been taken by any agency or official." Nowhere in Burkhardt's complaint does she allege that Judge Azcarate had any involvement in the selection of witnesses before the grand jury.

Upon receipt of the petition, Judge Azcarate entered a recusal order disqualifying all the judges of the Fairfax County Circuit Court from hearing the case and the case was reassigned to a judge from another circuit. Judge Azcarate, represented by the Office of the Attorney General, then filed a demurrer and a plea in bar. Judge Azcarate argued that Burkhardt lacked a cognizable right of action because there is no "statutory authority or Virginia caselaw authorizing [Burkhardt] to appear before the grand jury, much less permitting her to sue a [c]ircuit [c]ourt judge with respect to obtaining such an appearance." Judge Azcarate further argued that even if such a claim existed, Burkhardt would have failed to state a claim against Judge Azcarate because "there is simply no mention of Judge Azcarate in the body of the [p]etition." Finally, Judge Azcarate argued that she is

---

[1] Burkhardt filed with this Court an appendix of materials relating to a prior case. Burkhardt also filed a transcript from a hearing in that matter. Neither the materials in the appendix nor the transcript from the other matter are properly part of the record in this case, so we will not consider them on appeal. *See* Rule 5A:7(a); *Coe v. Coe*, 66 Va. App. 457, 468 (2016) ("[A]n appellate court's review of the case is limited to the record on appeal." (quoting *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015))).

entitled to absolute judicial immunity because, although the petition does not include specific reference to any acts by her, the "claim would inherently have to concern [Judge Azcarate]'s status as the Chief Judge of the Circuit Court of Fairfax County and judicial acts taken or decisions made in that capacity with respect to [Burkhardt]'s efforts to appear before the grand jury."

Upon hearing oral argument from Burkhardt and counsel for Judge Azcarate, the circuit court ruled in Judge Azcarate's favor, sustaining Judge Azcarate's demurrer and plea in bar and dismissing Burkhardt's petition with prejudice. Burkhardt filed a motion to reconsider, which the circuit court denied without a hearing. Burkhardt appeals.[2]

## STANDARD OF REVIEW

The doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available." *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)). Although the circuit court ruled in Judge Azcarate's favor on each of the three grounds she raised, in deciding this appeal, it is sufficient to address only the issue of whether Burkhardt sufficiently stated a claim against Judge Azcarate. We therefore limit our analysis to the circuit court's decision sustaining Judge Azcarate's demurrer on that ground. *See Commonwealth v. White*, 293 Va. 411, 419 (2017).

"We exercise de novo review of the circuit court's decision sustaining the defendants' demurrers." *Theologis v. Weiler*, 77 Va. App. 596, 603 (2023). "When reviewing such a judgment, we 'accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff.'" *Taylor v. Aids-Hilfe Koln e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)). "Furthermore, we draw any reasonable inferences arising from the express factual

---

[2] Burkhardt has since filed two motions to amend her appeal. We treat these motions as motions to add supplemental authority and grant those motions.

allegations of the complaint in the plaintiff's favor." *Id.* "The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Id.* (quoting *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017)).

ANALYSIS

Assuming, without deciding, that Burkhardt has a right of action to pursue her claimed right to testify before the grand jury, Burkhardt's petition failed to articulate why Judge Azcarate was responsible for the violation of that claimed right. "While a complaint need not 'descend into statements giving details of proof in order to withstand demurrer,' it must contain 'sufficient allegations of material facts to inform a defendant of the nature and character of the claim.'" *Hale v. Town of Warrenton*, 293 Va. 366, 368 (2017) (quoting *Assurance Data, Inc. v. Malyevac*, 286 Va. 137, 143 (2013)). Burkhardt's suit was not a petition for a writ of mandamus, but a civil lawsuit naming Judge Azcarate as defendant; however, Burkhardt's petition did not provide any basis for Judge Azcarate to determine the nature or character of Burkhardt's claim. The complaint contained no assertion that Judge Azcarate impaired Burkhardt's asserted right to appear before the grand jury. In fact, the complaint did not contain any assertion that Judge Azcarate had any involvement whatsoever in the empaneling, supervision, or procedures of the grand jury. Furthermore, the petition failed to articulate any specific claim, any elements necessary to support such a claim, nor any facts to support such a claim. Accordingly, Burkhardt's petition wholly failed to state a claim against Judge Azcarate and the circuit court did not err when it sustained Judge Azcarate's demurrer.

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.